# Weekly Advance Abstract Opinions
## CURRENT OHIO SUPREME COURT CASES

No. 24

**WHITMORE, ADMR., v. INDUS. COMMISSION**

Ohio Supreme Court, No. 17237—June 13, 1922

For full opinion see 105 OS., 295

**WORKMEN'S COMPENSATION—(1) Appeal to common pleas, when award denied by commissioner. (2) Trials by jury to both parties. (3) Construction of statute. (4) Harmonizing with Constitution.**

JOHNSON, J.

Epitomized Opinion.

Error to Lucas Court of Appeals.

John W. Chrysler died leaving his widow a sole dependent. He was living with his wife at the time of his death. A short time thereafter she died, leaving no person dependent upon her. The plaintiff was appointed her administrator, and he filed application with the industrial commission for an award because of the death of Chrysler. The commission found that his death was not shown to have been caused by injury sustained in the course of his employment. Appeal was taken to the court of common pleas and the jury disagreed. At the next trial the plaintiff waived a jury. The defendant objected and demanded a jury trial. This the court overruled and the defendant took exceptions.

The court of appeals reversed the judgment on two grounds—that the court erred in refusing the jury trial, and that no award having been made in favor of the widow no case existed in favor of her administrator. The Supreme Court held:

1. Since the decision of the court of appeals in this case, this court has decided, 104 OS., 389, that it was not necessary that the award be made during the life of the widow.

2. The first part of Sec. 43 of the workmen's compensation act where appears the clause "be entitled to a jury trial if he demands it," secures the right to appeal to the employe. But in the balance of the section there are provisions which seem to give to the commission equal rights with the employe.

3. It would seem to be clear that the constitutional requirement of the equal protection of the laws would demand that the industrial commission should also be entitled to a jury trial.

4. It is a well established rule, that where the language will permit, such construction will be given to a statute as will bring it into harmony and with the letter and spirit of the Constitution.

The cause was remanded for a new trial, on the issues of fact going to the basis of the plaintiff's claim, on which new trial either party shall be entitled to a trial by jury.

**Attorneys**—David E. Love and Fred E. Bruml, for plaintiff; B. A. Fouche, Pros., A. V. Bauman, Jr, and F. O'Farrell, for defendant.

No. 25

**BISHOPRIC MFG. CO. v. FERGUSON ET AL.**

Ohio Supreme Court, No. 17142—June 6, 1922

For full opinion see 105 OS., 274

**SALES—Two separate purchases at different prices— (1) Priority as to filling first order before the higher priced second—(2) Waiver, by paying on second order, a question for jury.**

PER CURIAM:

Epitomized Opinion.

Error to Hamilton Court of Appeals.

Ferguson brought a common pleas suit to recover on two separate contracts of lath, sold to the Bishopric Co., to have been paid for within 60 days after delivery. The first order was for fifty carloads at $3.30 per 1000 lath, and the second was for 25 carloads at $5.10 per 1000. Prior to the second contract 18 carloads had been shipped on the first contract and billed at $3.30. After the second contract, 12 cars more were shipped and billed at $3.30 and 17 cars at the $5.10 price. Five of the latter were paid for at the higher price invoice, claimed to have been the result of a mistake of the purchaser, who insisted that the seller had no right to ship under the second contract until the first had been fully completed. The seller claimed the right to deliver concurrently upon both contracts.

The defense claimed that the whole 47 cars were on the first contract, and also asked damages by way of counterclaim, for 20 cars which the seller had failed to deliver, and alleged that it was compelled to purchase in open market at a higher price. The verdict of the jury gave the seller his claim, less the counterclaim. The court of appeals reversed the judgment

and rendered in favor of the seller for the amount claimed by it. The Supreme Court held:

1. In view of the facts disclosed, and because of the terms employed by the parties in their two written contracts, the consignee was entitled to the completion of the first order, before beginning shipment under the second order.

2. The question as to whether the payment for five carloads at $5.10, under the second contract, was a waiver, should have been determined by the jury, and if they found that the consignee had, in fact, waived the terms by knowingly acquiescing in and ratifying the shipment of five cars at the higher priced invoice, to that extent the seller would be entitled to modification of its first order.

Judgment of the court of appeals reversing the court of common pleas, affirmed, and judgment of the court of appeals rendering judgment for the defendant in error reversed.

**Attorneys**—Nathan R. Park and George H. Kattenhorn, for Bishopric Co.; Creed & Creed and Dempsey & Dempsey, for Ferguson.

No. 26

**WHEATCRAFT ET AL. v. HALL ET AL.**

Ohio Supreme Court

**WILLS—(1) Provision by, to have farm by paying legacies, makes property ancestral—(2) Did not convert estate into one by purchase.**

JONES, J.:

Opinion by the Court.

Error to the Court of Appeals of Miami County
(On rehearing)

A son acquired real estate under the will of his father, which contained a provision that the son should "have the farm above described by paying" certain legacies to the father's other children or their legal representatives. Held:

1. The real estate so acquired by the son was ancestral property, and upon his dying intestate descended as such under the provisions of Sec. 8573, GC.

2. The title thereto came to such intestate by devise. The provision contained in the will, requiring such devisee to pay legacies, did not convert the estate into one by purchase. Judgment affirmed.

Hough, Matthias and Clark, JJ., concur. Marshall, C. J., dissents.

No. 27

**RILEY ET AL v. ROCHESTER ET AL**

Ohio Supreme Court, No. 17168—May 31, 1922.

For full opinion see 105 OS., 258.

**ERROR—(1) Reversible, when legal conclusion evidently based upon erroneous finding of fact— LEASES—(2) Priority of under 8543 GC. Knowledge of prior unrecorded lease.**

HOUGH, J. J.:

Epitomized Opinion.

Error to Jefferson Court of Appeals.

In this case the validity and priority of two coal leases are involved. The above plaintiffs were lessees of a duly executed but unrecorded coal lease, the above defendants were transferees of a properly executed but subsequently recorded lease of the same property. Other defendants were the owners of the property and the lessors in both leases.

The case was submitted in the court of appeals upon the pleadings, transcripts of the testimony and other proof, and judgment was rendered in favor of the above defendant, it being found that they were purchasers of the lease in good faith, without knowledge on their part of the existence of the prior lease owned by said plaintiffs. The Supreme Court held:

1. That it was evident from the extracts of the testimony, and admissions, that Rochester and his conferees, had actual notice of the existence of the prior lease, and its findings were in this respect contrary to and inconsistent with the conceded and undisputed facts appearing upon the face of the record in this particular.

2. Defendants could not be entitled to protection under 8543 GC. for while they may have believed the former lease was cancelled and void, it does not appear that they had "no knowledge of the existence of such former . . . . . . . instrument."

The judgment of the court of appeals was reversed and the case remaded to the Court of Appeals.

**Attorneys**—Gardner & Bigger and Belcher & Connor, for Riley and Paisley & Nolan, and E. S. McNamee for Rochester.