Jones, J.
 

 The Court of Appeals reversed the judgment of the trial court because its judgment was contrary to law. Since the Court of Appeals did not decide in favor of the commission on its contention that the verdict was against the manifest weight of the evidence, we assume from the form of its journal entry that a reversal on that ground was denied. In fact, when we consider its opinion, we arrive at the conclusion that the court, when it held that the judgment of the trial court was contrary to law, based its decision upon the legal principle that the right of an injured employee to compensation on
 
 *204
 
 account of disability did not survive Ms death, nor accrue to his admimstratrix as his personal representative.
 

 Under the facts conceded, the chief, determinative question is this: Could the administratrix, as the personal representative of the decedent, be substituted as party plaintiff in the original suit, and, in that capacity, maintain the decedent’s action to secure disability compensation out of the state insurance fund?
 

 Our entire compensation scheme breathes the spirit and avows as its purpose the payment of compensation to two classes only — to the injured workman, and to his dependents. Section 35, Article II, of our Constitution, provides that laws may be passed “providing compensation to workmen and their dependents, * # * and to collect, administer and distribute such fund, and to determine all rights of claimants thereto.” Responding to that constitutional grant of authority, the state legislature, in various provisions of the "Workmen’s Compensation Act, classified the beneficiaries who may receive compensation from the fund into the two classes named in the Constitution, viz. the injured workman and his dependents. Section 1465-68, General Code, under the title, “Who are Entitled to Compensation,” provides that “every employee * * * who is injured, and' the dependents of such as are killed
 
 * * *
 
 ” shall be paid such compensation out of the state insurance fund, etc.
 

 Further carrying out of the constitutional and legislative intent, Sections 1465-79, 1465-80, and 1465-81, General Code, provide that, when the workman’s disability is temporary, partial, or totally
 
 *205
 
 permanent, compensation out of the fund is available to the workman. But, where the injury causes death within the period of two years, Section 1465-82, General Code, provides that compensation from the fund is available to his dependents if there be any; and, if there be no dependents, the disbursements from the fund shall be limited to the expenses therein named. The same legislative purpose is evinced by Section 1465-88, General Code, which stipulates that “compensation * * * shall be paid only to such employees or their dependents.”
 

 Had the applicant lived and carried his suit for disability compensation to a successful issue, the compensation would be paid, not to his dependents, but to the living employee. The dependents’ right to compensation, as we construe the Compensation Act, is the right to receive benefits in case of death; the only exception being that, if death results from causes other than the injury, then the dependents may receive disability compensation under Section 1465-83, General Code, their recovery being limited to the unpaid balances on awards theretofore made for such disability. Here no recovery upon an award for disability made previous to applicant’s death can be had, for no such award was made. This is not a case for death benefits, but one prosecuted for disallowing a claim for disability. The petition did not allege, nor did the proof sustain, any claim that Bozzelli’s death was caused by the injury.
 

 In this action it is impossible to apply to this controversy the statutory provisions relating to the survival and abatement of actions; for in any case no cause of action was stated against the commission in favor of the administratrix of the employee.
 

 
 *206
 
 Section 1465-72, General Code, provides that said, “liability board of awards shall disburse the state insurance fund to such employees * * * who have been injured in the course of their employment, * # * or to their dependents in case death has ensued.” Since the Legislature has definitely provided that dependents may receive death benefits in case of death only, and disability benefits only when an award therefor has been made, to construe the provisions otherwise would simply be legislation by unjustified judicial interpretation. The right to recover compensation from the state insurance fund does not rest upon the principles of the common law, but upon the grant of legislative authority, which authorizes the collection and disbursement of that fund; the only method by which the fund can be depleted by compensation payments, and the only rights whereby employees and dependents may participate in the fund, are such, and only such, as are conferred by the Workmen’s Compensation Law.
 
 Industrial Commission
 
 v.
 
 Kamrath,
 
 118 Ohio St., 1, 160 N. E., 470. And we are unable to find any legislative provisions whereby an administrator of the estate of a deceased employee, who had never obtained an award, is authorized to recover disability compensation for an injury sustained by the decedent. We have held that, where death occurs from causes other than the injury, a dependent, under Section 1465-83, General Code, or his administrator, may recover disability benefits where there remains an unpaid balance due the .decedent “for which award had theretofore been made.” This proposition was upheld in the case of
 
 Industrial Commis
 
 
 *207
 

 sion
 
 v.
 
 Terrell,
 
 120 Ohio St., 59, 165 N. E., 536. No award, however, was made in the instant case.
 

 Counsel for plaintiff in error cite the following cases in support of their argument that the administratrix should recover:
 
 Industrial Commission
 
 v.
 
 Dell,
 
 104 Ohio St., 389, 135 N. E., 669, 34 A. L. R., 422;
 
 Whitmore, Admr.,
 
 v.
 
 Industrial Commission,
 
 105 Ohio St., 295, 136 N. E., 910. These cases are not apposite. In neither case was the question of disability benefits involved. In both cases applications for death benefits were involved, to which the widows were entitled, where, it seems from the reported cases, that the widows had initiated proceedings before the commission. The Workmen’s Compensation Act had definitely provided compensation to those dependents. In both cases also the personal representatives of the dependents, and not of the decedent, were parties to the action, and this court held that the former were entitled to an award covering the period from the time of the death of the employee until the dependent’s death. The
 
 Terrell case, supra,
 
 is more in point.
 

 Since Bozzelli’s death occurred more than three years after his injury, and there being neither allegation nor proof that such injury caused his death, it seems that the only action that a dependent or his personal representative could sustain must be bottomed upon a recovery for the unpaid balance of an award under Section 1465-83, General Code. But such an action would necessarily have to be prosecuted by the dependent’s administrator, and not by the administrator of the decedent; but, even so, there could be no recovery except where a disability award had been made under the provisions of the last-
 
 *208
 
 named section, and, in any case, whether death did or did not result from the injury, unawarded disability benefits would not accrue to the plaintiff administratrix; therefore no valid, legal cause of action was stated in the petition, or sustained by proof, which would justify a recovery.
 

 The defendant commission filed no demurrer to the petition filed in the court of common pleas. It is urged
 
 arguendo
 
 that the failure to file a demurrer waived the question of survivability of the action and of its abatement by the death of the employee. This argument begs the entire question, which is not whether the action survived, but whether, had it survived, would there be a cause of action stated? Conceding that an administrator might be appointed for the estate of the deceased employee, still that gave no right of action in such personal representative to maintain a suit for disability benefits under the Compensation Law. As we have stated, those benefits, when awarded, belonged to dependents if there were such. Therefore the petition of the administratrix did not state a cause of action in favor of the plaintiff. Had a general demurrer been filed, it should have been sustained for the reason that “to warrant a recovery the petition must show a cause of action in the plaintiff.”
 
 Buckingham
 
 v.
 
 Buckingham,
 
 36 Ohio St., 69. In the case of
 
 Board of Education
 
 v.
 
 Guy, Aud.,
 
 64 Ohio St., 434, 445, 60 N. E., 573, 575, Minshall, C. J., quotes from the opinion in the
 
 Buckingham case, supra,
 
 as follows: “To warrant a recovery on the petition, it must show a cause of action in the plaintiff. If the petition fails to show such cause of action, the objection is not waived by a
 
 *209
 
 failure to demur, or to make the objection by-answer.”
 

 Section 11311, General Code, provides that, if no objection is made to a petition by way of demurrer or answer, the defendant “shall be deemed to have waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action.”
 

 "Whether the petition, or the conceded facts, made a cause of action was challenged by the commission in two ways — upon its motion for a new trial, where it alleged that the judgment was contrary to law, and also upon the trial, when, at the close of the evidence, the commission moved for a directed verdict. This motion was in the nature of a demurrer to the evidence; and, if the petition did not state a cause of action in plaintiff’s favor, defendant’s failure to demur did not waive that objection.
 
 City of Youngstown
 
 v.
 
 Moore,
 
 30 Ohio St., 133;
 
 Brown, Exr.,
 
 v.
 
 Kroh,
 
 31 Ohio St., 492.
 

 The Court of Appeals reversed the judgment of the trial court and rendered final judgment in favor of the commission. This it did, as appears from its opinion, for the reason that the petition and conceded facts did not constitute a cause of action in favor of the plaintiff. In so doing the Court of Appeals did not err, and its judgment will be affirmed.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Matthias and Day, JJ., concur.