This is a case in mandamus presented to the original jurisdiction of this court. The sufficiency of the petition is challenged by the commission's demurrer. The salient facts, decisive of the case, may be briefly stated.
James Murphy was an employee of an employer subscriber to the state insurance fund, and on October 2, 1922, suffered an injury in the course of employment. He applied to the commission for an award, and on May 17, 1923, he received an award for temporary total disability, which was paid. On August 2, 1929, he filed another application for further award alleging that his disability from the injury still continued. The commission disallowed him further compensation, and he appealed to the common pleas court on the ground that the commission's order went to the basis of his right to continue to participate in the fund.
On May 22, 1931, he recovered a judgment in the trial court against the commission for the sum of $10 per week from a period beginning April 11, 1930, continuing, as plaintiff alleges, until Murphy died on November 21, 1931. Now the picture changes, and presents clearly the present controversy. After the rendition of judgment in Murphy's favor, and after his death, the relator, Rowland, was appointed administrator of his estate, and now in this proceeding he seeks a writ commanding the commission to issue a warrant for the payment of the amount of the judgment to him as administrator of Murphy's estate. *Page 25 
Counsel for relator contend that the judgment was a finality, vested like other ordinary judgments, and thereby became an asset of decedent's estate subject to administration under the administration statutes. It follows of course that, if such contention were upheld, the insurance fund would be obligated to pay the deceased's creditors, and, if a surplus were left, it would be paid under the administration laws to the next of kin, etc., without regard to their dependency. This contemplates that the state insurance fund is amenable to the claims of the deceased's personal creditors, a legal proposition that cannot be sustained in view of our Constitution and laws safeguarding the fund solely in the interest of workmen and their dependents. This is not only the underlying spirit of our Constitution, but is the strict requirement manifested by its plain language and by the laws enacted to carry out its intent. Section 35, Article II of the Constitution, provides that laws may be passed establishing a state fund "for the purpose of providing compensation to workmen and their dependents." Every provision of our Workmen's Compensation Law, and there are many, restricts payment out of the fund to the living workmen and to the dependents of those who die in industrial service. Had the commission made this award, the question would be a simple one; however the jury on appeal sits "as an appellate board of awards." Roma v.Industrial Commission, 97 Ohio St. 247, 119 N.E. 461. The fact that a jury has rendered a verdict for an amount which the commission denied does not alter the fact that the judgment of the court was based upon a jury's award of compensation for disability of the workman. Since the jury's verdict was for compensation, our statute explicitly provides that, until it is paid to the party entitled thereto, compensation "shall be exempt from all claims of creditors * * * and shall be paid only to such employees or their dependents." Section *Page 26 
1465-88, General Code. The principles announced inBozzelli v. Industrial Commission, 122 Ohio St. 201,171 N.E. 108, are decisive of this case. Bozelli had been injured, and his claim for disability compensation disallowed by the commission. Before trial, Bozzelli died, and his mother was appointed administratrix, substituted as a plaintiff, and secured a verdict. We held that the administratrix could not maintain the action.
The demurrer of the commission will be sustained, and the writ denied.
Writ denied.
MARSHALL, C.J., MATTHIAS, DAY and STEPHENSON, JJ., concur.
KINKADE, J., not participating.