Allen, J.
It is not necessary in this case to discuss the question whether the order of the commission was a final order based upon jurisdictional grounds. If so, upon its issuance the claimant during his life was entitled, as a matter of right, upon application duly and timely made, for the purpose of perfecting his record, to have a rehearing granted. Section 1465-90, General Code. However, since the court is asked to revive this ease in the name of the executor of Nick Petroff, and to issue the writ for the benefit of the estate, we do not reach the merits of the question.
It has been held by this court that an injured workman’s right to benefits under the Workmen’s Compensation Act does not pass to his estate, and that therefore the executor of the workman has no interest in a cause wherein the thing sought is compensation *67 for the workman - during his lifetime. The right, if any, passes to the dependents and not to the estate. This was the basis of the recent decision in the case of Bozzelli v. Industrial Commission, 122 Ohio St., 201, 171 N. E., 108, which held in the syllabus:
“Under the Constitution and laws enacted pursuant thereto, compensation is payable to two classes: To the living employee or to his dependents after death. When disability compensation has been awarded to the employee before death, the unpaid balance thereof is paid to the dependents, if any, under the provisions of Section 1465-83, General Code.
“An injured employee applied for disability compensation which was disallowed. He then perfected his appeal to the common pleas court, and, while the cause was there pending, died. Subsequently his administratrix was appointed, and the action revived in her name. Under the status of the Workmen’s Compensation Law the administratrix of the deceased employee could not maintain the action to recover disability benefits from the state insurance fund; nor do the pleadings and proof in this case sustain a 'cause of action in the administratrix’s favor.”
The same holding was reiterated in State, ex rel. Rowland, Admr., v. Industrial Commission, 126 Ohio St., 23, 183 N. E., 787, which held that, under the Constitution and laws of the state, the administrator cannot maintain an action for a writ of mandamus compelling the payment into the funds of the estate of a judgment theretofore secured for certain weekly compensation. That case also held that in no event may an award of compensation, whether made by the commission or by a jury on appeal, be subject to administration under the statutes thereto pertaining.
If an executor cannot maintain an action in court against the Industrial Commission for compensation under the Workmen’s Compensation Act, neither can he maintain the same identical claim before the Indus *68 trial Commission. In the Rowland case, supra, the judgment had actually been rendered in favor of the deceased workman, and it was held that mandamus would not issue to compel the payment of the judgment at the suit of the administrator. In this case the facts are less cogent on behalf of the estate than in the Rowland case, for the claim for additional disability benefits has never been reduced to judgment. It has simply been rejected by the Industrial Commission. The futility of ordering a rehearing upon a claim which the executor cannot press is self-evident. Mandamus will not issue to compel the doing of a vain thing.
The argument that the executor wishes to secure these funds for the payment of funeral expenses is also without merit. Section 1465-83, General Code (108 Ohio Laws, pt. 1, 321), which was in effect October 20, 1930, when the claimant was injured, permitted such payments for funeral expenses only when an award had theretofore been made, and when an unpaid balance representing payments accrued and due the decedent was remaining. These conditions are lacking here. Industrial Commission v. Terrell, 120 Ohio St., 59, 165 N. E., 536.
The application for order of revivor is hereby denied, and the motion to dismiss the cause for lack of party plaintiff is sustained. The action being dismissed, it is unnecessary to rule upon the demurrer to the petition.

Petition dismissed.

Weygandt, C. J., Day, Stephenson, Jones and Matthias, JJ., concur.