Weygandt, C. J.
The single and important question presented by this demurrer is whether the administrator of the estate of a deceased dependent may recover the compensation to which the dependent was entitled while living.
It is the contention of the respondent that Article II, Section 35, of the Constitution of Ohio, Section 1465-61,' General Code, Section 1465-68, General Code, Section 1465-68&, General Code, Section 1465-68b, General Code, Section 1465-72, General Code, and Section 1465-83, General Code, make no provision for the payment of compensatiqn to anyone except “workmen and their dependents.” Reliance is placed upon the two cases of Bozzelli v. Industrial Commission, 122 Ohio St., 201, 171 N. E., 108, and State, ex rel. Rowland, v. Industrial Commission, 126 Ohio St., 23, 183 N. E., 787. However, each of these involved an action brought by the administrator of a deceased workman. It is therefore manifest that these cases cannot be considered decisive of the instant question relating to the administrator of a deceased dependent.
In the case of Industrial Commission v. Dell, 104 Ohio St., 389, 135 N. E., 669, 34 A. L. R., 422, there were two claimants, each insisting that she was the dependent wife of the deceased workman. The Industrial Commission denied both claims. Appeals were then filed in the Court of Common Pleas, and the causes were consolidated. Before the trial both claimants died. The action was revived in the name of the executrix of one and in the name of the administrator of the other. In the fourth paragraph of the syllabus this court said:
“The right of a widow to participate in the state insurance fund is not lost by the death of such widow before, an award has been rendered thereon, but the *108 legal representative of such widow, in the absence of other dependents, is entitled to an award covering the period from the time of the death of the employe until the death of such widow.”
The respondent contends that this case is distinguishable from the instant case because in the former the deaths occurred while the action was pending in the Court of Common Pleas, but in the latter the death came while the matter was pending before the Industrial Commission. With this contention this court cannot agree. If the personal representative of a deceased dependent is entitled to prosecute a claim in its later stages in the courts, a fortiori he should be able to do likewise in the tribunal whose jurisdiction the law compels him to invoke in the first instance.
Likewise in the case of Whitmore, Admr., v. Industrial Commission, 105 Ohio St., 295, 136 N. E., 910, the administrator of a deceased dependent was permitted to file an application with the Industrial Commissi on and to prosecute the entire matter.
The foregoing would seem to be a most salutary and humane rule of law. If it were otherwise, a dependent might be denied his entire compensation by reason of an extended period of delay, beyond which he might not survive. It must at all times be remembered that one of the fundamental purposes of the Workmen’s Compensation Law is prompt and certain compensation to those rightfully entitled to receive it.
The demurrer to the petition is overruled and the peremptory writ is allowed in conformity with the prayer.

Writ allowed.

Allen, Stephenson, Jones, Bevis and Zimmerman, JJ., concur.
Matthias, J., not participating.