PARKER v. INDUSTRIAL COMMMISSION et al.

No. 5689.   Decided October 21, 1935.   (50 P. [2d] 278.)

*Budge & Parker,* of Salt Lake City, for plaintiff.

*Joseph Chez, Atty. Gen.,* and *F. A. Trottier,* of Salt Lake City, for defendants.

WOLFE, Justice.

On September 23, 1933, John H. Parker suffered an accident arising out of his employment with Utah county. In the course of time an order was made and entered by the Industrial Commission allowing said Parker compensation in the sum of $8.65 per week beginning September 27, 1933, up to the time of the award, to wit, November 30, 1934, all accrued payments to be paid in a lump sum. On December 2, 1934, Mr. Parker died before any check was issued by the state insurance fund in payment of compensation. He left surviving him his widow, the administratrix, as sole dependent. No question arises concerning the compensation payable to the widow because of the death of Parker. The sole question is as to whether the administratrix, as the representative of Parker's estate, is entitled to the accrued

payments over the period beginning September 27, 1933, and ending December 2, 1934, in regard to which an award had been made by the commission up to November 30, 1934. The commission denied the request of the administratrix to pay to her, as Parker's representative, the sum of the accrued payments upon the theory that his death terminated all right to receive the back payments. We think the commission was wrong.

The payment of compensation is, in a sense, a disability wage, and is earned by operation of law. The conditions making it payable all pertaining, the employee is entitled to it just as much as he is entitled to wages earned by contract. As disability payments are "earned," they become vested, and if the employee dies before they are paid, his estate is entitled to them. The language in the case of *State ex rel. Rowland* v. *Industrial Comm. of Ohio*, 126 Ohio St. 23, 183 N. E. 787, 788, appears to us to be inapt. In speaking of the contention of the relator that a judgment in favor of Murphy before his death became a vested interest and an asset of the decedent's estate, the court said:

"This contemplates that the state insurance fund is amenable to the claims of the deceased's personal creditors, a legal proposition that cannot be sustained in view of our Constitution and laws safeguarding the fund solely in the interest of workmen and their dependents."

If the payments which accrued over more than a year had been paid to this deceased just before his death, they would have gone into his estate and been used, perhaps, to pay creditors, some of whom may have extended credit necessary for him to live. Then why should they not become part of the estate after death? Certainly, there is nothing which prevents an injured employee from using his compensation to pay his creditors. The law protects him against an incursion of the creditors in that it prohibits the garnishment or the assignment of compensation before the employee reduces it to his possession, but this is solely for the protection of the employee and his dependents and not a limi-

tation on his using the money to pay creditors. If by his compensation being withheld he was forced to create creditor relationships, certainly there is nothing in the law, or good morals, or the public policy, which prohibits the creditors from being paid out of his estate augmented by the compensation he should have received during his lifetime.

In the following cases it was held that the unpaid balance of compensation which would have been payable under the award after the date of the death of the employee had he lived for the loss of a member such as an eye, or a leg, or an arm, was not payable to the estate of such employee: *United States Fidelity & Guaranty Co.* v. *Salser et al.* (Tex. Civ. App.) 224 S. W. 557; *Wozneak* v. *Buffalo Gas Co.*, 175 App. Div. 268, 161 N. Y. S. 675, approved in *Casmey* v. *George Parks' Sons Co.*, 229 N. Y. 623, 129 N. E. 933; cases contained in note 15 A. L. R. 821; *Heiselt Construction Co.* v. *Industrial Commission*, 58 Utah 59, 197 P. 589, 15 A. L. R. 799.

In all of these cases, including the *Heiselt Construction Co. Case*, the question was as to whether "unaccrued" payments for partial permanent disability passed to the estate. The question did not involve payments which had accrued for temporary total disability. By the use of the word "unaccrued" in the case of a permanent partial disability, we do not mean to imply that where the statute gives a fixed sum for the loss of a member, that it necessarily accrues weekly rather than at once by operation of law. We use the term "unaccrued" in the sense of designating that proportion of the whole compensation for the permanent partial disability as the period after death bears to the whole period. In the Heiselt Construction Co. Case the injured employee had been paid at the time of his death for nine weeks, or $144, which was for the period of temporary total disability. No award had been made for permanent partial disability for the loss of parts of four fingers until after the death of the decedent. It is clear the court in that case did not intend to lay down any rule to the effect that compensation

payments accrued at the time of the death would not pass to the estate.

In the case of *Ray* v. *Industrial Ins. Comm.*, 99 Wash. 176, 168 P. 1121, L. R. A. 1918F, 561, where an award of $850 had been made for the loss of an eye, but before a warrant in payment thereof had been issued and delivered to the employee, he was accidentally killed, the cause of his death being in no way connected with his employment, it was held that the award would not pass to his estate, but that the death of the employee terminated the obligation to pay compensation. This ruling appears to have applied even to those payments which had accrued before his death, although the distinction between accrued and future payments with respect to the date of the death was in nowise touched upon. The Ray decision depended upon the peculiar language of the Washington compensation law (Laws Wash. 1911, p. 364), reading in part as follows:

"No money paid or payable under this act out of the accident fund shall, *prior to issuance and delivery of the warrant therefor* * * * pass to any other person by operation of law." (Italics supplied.)

In the case of *Zahler* v. *Department of Labor and Industries*, 125 Wash. 410, 217 P. 55, a Washington case, the principle was extended to hold that an award made but not consummated by payment prior to death was not only not payable to the estate, but was not payable to any of the dependents of the deceased employee. In this case no point was made, nor was any consideration given to the question of whether an award for the loss of a member, that is, for permanent partial disability, could be split into the accrued and the future payments having respect to the date of the death.

The defendants cite certain cases where the employee died and payments were made to a dependent or dependents and then they, in turn, died, which hold that where the class of dependents are eliminated by death or marriage, the compensation stops. In a majority of these cases it is held that

the compensation which was payable on the death of an employee to a dependent would cease on the death of the dependent and not become a part of the dependent's estate. See *United States Fidelity & Guaranty Co.* v. *Hairston,* 37 Ga. App. 234, 139 S. E. 685; *Lahoma Oil Co.* v. *State Industrial Comm.,* 71 Okl. 160, 175 P. 836, 15 A. L. R. 817, overruled in part by *Western Indemnity Co.* v. *State Industrial Comm.,* 96 Okl. 100, 219 P. 147, 29 A. L. R. 1419; *Murphy's Case,* 224 Mass. 592, 113 N. E. 283. Contra: *Wangler Boiler & Sheet Metal Works Co.* v. *Industrial Comm.,* 287 Ill. 118, 122 N. E. 366. Other states have held that the right of a surviving dependent to compensation is a vested property right which passes on the death of the dependent to her administrator who may collect as an asset of the estate the total amount that would have been payable to the dependent had she lived. *Smith* v. *Kaw Boiler Works Co.,* 104 Kan. 591, 180 P. 259; *State ex rel. Munding* v. *Industrial Comm. of Ohio,* 92 Ohio St. 434, 111 N. E. 299, L. R. A. 1916D, 944, Ann. Cas. 1917D, 1162; *Industrial Comm. of Ohio* v. *Dell,* 104 Ohio St. 389, 135 N. E. 669, 34 A. L. R. 422; *Whitmore* v. *Industrial Comm. of Ohio,* 105 Ohio St. 295, 136 N. E. 910; *State Acc. Fund* v. *Jacobs' Adm'r,* 140 Md. 622, 118 A. 159, 24 A. L. R. 434.

The cases which hold that compensation shall cease when the class of dependents drop out are really not in point because these cases hold that compensation payable for the death of an employee is payable only to dependents, and if dependents cease to exist, compensation stops. These cases are not in point on the question as to whether compensation which accrued during the life of an employee, either as payment for temporary total disability or as payment on account of permanent partial disability, but which was not paid to him before his death, passes to his estate. But the cases which hold that compensation payable to a dependent which accrued before the death of the dependent goes to the dependent's estate are in point.

The following cases in addition to those last cited hold that compensation accrued but not paid before the death of the employee passes to his estate. *Bry-Block Mercantile Co.* v. *Carson,* 154 Tenn. 273, 288 S. W. 726; *Roney* v. *Griffith Piano Co.,* 131 A. 686, 4 N. J. Misc. 31; *Case of Bartoni,* 225 Mass. 349, 114 N. E. 663, L. R. A. 1917E, 765; *Rounds* v. *State Industrial Comm.,* 157 Okl. 145, 11 P. (2d) 479; *Renfrow* v. *Caddo Parish Police Jury* (La. App.) 155 So. 291; *Western Indemnity Co.* v. *State Industrial Commission,* supra.

The principle that accrued payments for temporary total or permanent partial disability, earned but not paid at the time of the death of the employee, survive is also recognized in those cases which hold that the personal representative is not entitled to them, but the dependents of the employee are. In *Smith* v. *Southern Surety Co.* (Tex. Civ. App.) 193 S. W. 204, it was held that the temporary administrator was not entitled to the accrued compensation, but that it was by law the specific property of the legal beneficiaries living.

We have been unable to find any cases where it was held that the employer was not liable for the accrued payments except perhaps the two Washington cases above cited and the case of *LaChapelle* v. *Union Pacific Coal Co.,* 29 Wyo. 449, 214 P. 587, in which it was held that none of a lump sum award for total permanent disability passed to the dependents or to the estate where the employee died before he received the warrant, a part of the period for which such lump sum was awarded having been, of course, during the life of the employee. Wyoming had the same statute as Washington and adopted the Washington decisions.

The language of R. S. Utah 1933, 42-1-74, that compensation shall be paid only to employees or their dependents, is for the protection of the employees and their dependents and was not meant to deprive the estate of the deceased employee of compensation which was due and payable to him during his lifetime. The fact that by accident a warrant had not been issued, or there had been a failure to pay

him, should not inure to the benefit of the parties who should have paid the compensation. The law will consider that done which should have been done and not permit those who are obligated and should have paid the compensation to obtain the advantage of a fortuitous circumstance. If compensation in the instant case had been paid on the day of the employee's death, it would have passed to his personal representative. Because the warrant was not made out and delivered to him cannot in logic, in justice, or in reason affect the right of his personal representative to collect the compensation nor relieve the employer or the state insurance fund of the obligation to pay it.

The order of the Industrial Commission refusing to pay to the administratrix in this case is reversed and the case remanded with instructions to pay the compensation for the period between September 27, 1933, and December 2, 1934, to the plaintiff herein.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.