Respondent contends, in substance, that to entitle relatrix to receive payment of compensation to which her husband might have been entitled, had he lived, it is necessary that an award shall have been made prior to his death; that the award contemplated by Section 1465-83, General Code, is one made only by the commission; that no award had been made by the commission prior to decedent's death; that the claim was still pending in the courts and not finally adjudicated when he died; and that under the decisions in Industrial Commission v.Terrell, 120 Ohio St. 59, 165 N.E. 536; Bozzelli v.Industrial Commission, 122 Ohio St. 201, 171 N.E. 108; State,ex rel. Rowland, Admr., v. Industrial Commission, 126 Ohio St. 23, 183 N.E. 787, 87 A. L. R., 862; and State, ex rel.Petroff, v. Industrial Commission, 127 Ohio St. 65,186 N.E. 721, such claim abates if claimant dies during the pendency of court proceedings thereon.
Relatrix contends that the jury verdict and judgment of the Court of Common Pleas constitute an award within contemplation of Section 1465-83, General Code, and that such award is not abated by death of the employee during the pendency of proceedings thereon in the Court of Appeals.
That portion of Section 1465-83, General Code, which is here pertinent, reads as follows:
"In all cases of death from causes other than the injury for which award had theretofore been made on account of temporary, or permanent partial or total disability, in which there remains an unpaid balance, representing payments accrued and due decedent at the time of his death, the commission may at its discretion, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, * * * as the commission shall determine in accordance with the circumstances in each such case."
Section 1465-90, General Code, provides, in part: *Page 556 
"* * * If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the Industrial Commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards, and such certificate of the court shall be entered in the records of judgments of such court and shall for the purpose of error proceedings, be in lieu of final judgment in such cause."
The Workmen's Compensation Act was enacted for the benefit of workmen and their dependents and a construction most favorable to them must be given thereto if its intent and humane purpose is to be given full effect and operation. Roma v. IndustrialCommission, 97 Ohio St. 247, 119 N.E. 461; IndustrialCommission v. Pora, 100 Ohio St. 218, 125 N.E. 662;Industrial Commission v. Weigandt, 102 Ohio St. 1,130 N.E. 38; Industrial Commission v. Lewis, 125 Ohio St. 296, 181 N.E. 136.
Construed in that spirit, can it reasonably be said that the Legislature intended to limit the term "award" to that granted by the commission only? Or, can it more reasonably be said that the term was so broadly and comprehensively used as to include a jury verdict, finding in favor of the employee's right to participate in the State Insurance Fund? We are inclined to the latter view.
Where an employee files his claim for disability compensation with the Industrial Commission, it is necessary for the commission to find and determine whether he has a legal right to participate, or to continue to participate, in the State Insurance Fund before determining the extent of disability upon which the amount and duration of compensation depend. Unless the employee is found to be entitled to some compensation, there is no need for computing its *Page 557 
amount. It is the finding and determination in favor of the employee's right to participate, or to continue to participate in the fund, which constitutes the award, and it is the finding
and determination that the employee is not thus entitled which constitutes denial of an award. Ascertainment of the extent of disability and computation of the amount of compensation to be paid are but details incident to the execution of the award.
Where the commission's finding is adverse to the employee, the latter may prosecute his appeal to the Court of Common Pleas, where the question of his right to participate in the fund is submitted for determination to the court or jury. After a finding and determination of his claim is there made favorably to the employee, an award arises as fully as if one had been made by the commission in the first instance. When the finding or verdict thereon is certified by the Court of Common Pleas to the commission for payment of compensation as provided by law, it is the duty of the commission to recognize that an award has been made by the court of some compensation. Unless appeal is successfully prosecuted to the Court of Appeals, it becomes the further duty of the commission to inquire into the extent of disability. See State, ex rel. Kauffman, v.Industrial Commission, 121 Ohio St. 472, 169 N.E. 572.
That such was the meaning intended by the Legislature to be given to the term "award" may be gathered from the language used in Section 1465-90, General Code: "If the * * * verdict of the jury is in favor of the claimant's right to participate * * * in such fund, the court shall certify such * * * verdict to the Industrial Commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards * * *." (Italics ours.)
It is significant of legislative intent that the word *Page 558 
"other" was made to precede the word "awards." It must be observed that the language is not "for the payment of awards," but "for the payment of other awards." (Italics ours.) As counsel for relatrix points out, this is clearly indicative of a legislative intent that the jury verdict and court finding shall, in such cases, be treated as an award to be paid as "other awards" are paid under the Workmen's Compensation Act.
The award in the instant case having been made during the lifetime of the employee, his dependents become entitled to the unpaid balance due thereon as of the time of his decease. His death during the pendency of the appeal proceedings in the Court of Appeals is not a death prior to the granting of an award. The award granted by the Court of Common Pleas was suspended but not vacated or annulled by the institution of appeal proceedings in the appellate court.
"When a case is appealed to the appellate court, the judgment of the trial court is not vacated, but suspended." Union TrustCo. v. Lessovitz, 122 Ohio St. 406, at page 416,171 N.E. 849. See also Jenney, Admr., v. Walker, 80 Ohio St. 100,88 N.E. 123; Murray v. Mahan et at., Partners, 81 Ohio St. 569, 91 N.E. 1135; Barnes v. Christy, 102 Ohio St. 160,131 N.E. 352.
However, dismissal of the appeal by the Industrial Commission removed the suspension of the judgment and restored it to its original status and effectiveness, thereby giving to relatrix an immediate right to its enforcement.
A verdict, obtained by an injured employee during his lifetime, in the Court of Common Pleas on appeal from the Industrial Commission of Ohio, finding in favor of his right to participate, or to continue to participate, in the State Insurance Fund, constitutes an award within contemplation of the provisions of Section 1465-83, General Code. Such award is not vacated *Page 559 
or annulled by appeal on questions of law taken therefrom to the Court of Appeals, or abated by the death of the employee during the pendency of such proceedings.
Where judgment upon such finding is entered by the Court of Common Pleas and certified to the Industrial Commission for payment in accordance with law, it is the duty of the commission to recognize it as an award of some disability compensation. Unless such award is vacated or reversed by a court of competent jurisdiction, or its operation suspended by proceedings in appeal, the commission must proceed to exercise its discretion by inquiring into the extent of disability and determining the amount of compensation to be paid therefor.
The cases of Industrial Commission v. Terrell, supra,Bozzelli v. Industrial Commission, supra, Rowland, Admr., v.Industrial Commission, supra, and State, ex rel. Petroff, v.Industrial Commission, supra, cited by respondent, are not in point. These deal with issues entirely different from those here presented. In the Terrell case, supra, claimant was injured on July 7, 1924. He was allowed total temporary compenpensation and returned to work on September 7, 1924. He continued to work until December 16th of that year, upon which date he died from causes disconnected with his injury. At the time of his death, the commission had under consideration the question whether an award for partial permanent disability should be made, but had not, at the time of his death, made any award. The court held that there was no right to an unpaid balance of an award not made. In the instant case, an award was made prior to death.
The Bozzelli case deals with the question of the right of an administratrix of a deceased employee to recover disability compensation which the employee, but for his death, would have recovered. The court denied the right of the administratrix to maintain the action, *Page 560 
holding that the Workmen's Compensation Law was intended solely for the benefit of employees during their lifetime and after their death for their dependents.
In the Rowland case, a workman died after recovering judgment in the Court of Common Pleas on an appeal from the Industrial Commission. The administrator of his estate sought payment under the award. The court denied the right of an administrator to maintain the action, holding that the Workmen's Compensation Act was not intended for the benefit of the estates of employees.
In the Petroff case, the court denied the right of an executor to maintain an action for disability compensation for like reasons. In the instant case, the action is brought by a dependent.
We hold that relatrix is entitled to a writ of mandamus as prayed for.
Writ allowed.
WEYGANDT, C.J., MATTHIAS, ZIMMERMAN, WILLIAMS, MYERS and GORMAN, JJ., concur.