The question of the right of the administratrix of a deceased claimant's dependent to receive the compensation awarded to the claimant in his lifetime has not been previously passed upon by this court but is squarely presented by the demurrer to the petition.
There have been several decisions, however, which are more or less helpful in reaching a conclusion herein. It is now well settled in this jurisdiction that a personal representative of an estate of a deceased workman is not entitled to the compensation to which the decedent would have been entitled had he lived, whether an award was made previous to decedent's death or not. Bozzelli v. Industrial Commission, *Page 181 122 Ohio St. 201, 171 N.E. 108; State, ex rel. Rowland, Admr., v.Industrial Commission, 126 Ohio St. 23, 183 N.E. 787, 87 A.L.R., 862; State, ex rel. Petroff, v. Industrial Commission,127 Ohio St. 65, 186 N.E. 721. The rationale of those decisions is that the state insurance fund is administered for the benefit of the injured workman during life and his dependents after his death. Disbursing to the workman's administrator or executor the amount payable to the decedent in his lifetime would deprive dependents of their rights in and to such compensation under and by virtue of Section 1465-83, General Code.
Such decisions, then, are to be distinguished from those in which an administrator or executor of a deceased dependent seeks compensation payable to such dependent at the time of death. With respect to instances of that character it has been held that the personal representative of a deceased dependent is entitled to receive from the state insurance fund compensation (referred to as "benefits in case of death" in Section 1465-83, General Code) accruing to such dependent for any part of the period between the workman's death and the dependent's death. State, ex rel. Hoper, Admr., v. IndustrialCommission, 128 Ohio St. 105, 190 N.E. 222; IndustrialCommission v. Dell, Exr., 104 Ohio St. 389, 135 N.E. 669, 34 A. L. R. 422; Whitmore v. Industrial Commission, 105 Ohio St. 295, 136 N.E. 910.
Later, in the case of State, ex rel. Gaddis, v. IndustrialCommission, 133 Ohio St. 553, 15 N.E.2d 146, this court held that a dependent widow was entitled to a writ of mandamus to compel an allowance of compensation to her for a period between the injury and death of the workman, where he had been awarded compensation during his lifetime but had not received payment thereof. The decision was grounded upon that part of Section 1465-83, General Code, which reads as follows: *Page 182 
"In all cases of death from causes other than the injury for which award had theretofore been made on account of temporary, or permanent partial or total disability, in which there remains an unpaid balance, representing payments accrued and due decedent at the time of his death, the commission may at its discretion, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent * * * as the commission shall determine in accordance with the circumstances in each such case."
This court in that case deemed the finding of the Court of Common Pleas, that the claimant was entitled to participate in the state insurance fund, to be an award within the meaning of the statute, and that Gaddis, having died from a cause other than the injury for which the award was made, namely, suicide, the statute was applicable and when such finding was certified to the Industrial Commission it was the duty of the commission to recognize the finding as an award of some disability compensation.
In the instant case, the above quoted portion of Section 1465-83, General Code, as well as an additional part, must be considered. The additional part which was added to the statute by amendment effective July 9, 1931 (114 Ohio Laws, 26, 37) is as follows:
"And if the decedent would have been lawfully entitled to have made application for an award at the time of his death the commission may, at its discretion, after satisfactory proof to warrant an award and the payments hereinafter mentioned, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission shall determine in accordance *Page 183 
with the circumstances in each such case, provided, however, that such payments may be made only in cases in which application for compensation was made in the manner required by this act during the lifetime, or within six months after the death, of such injured person, and provided, further, that such payments may be made only in the event that the injured person dies within two years of the date of the last award preceding his death, if any award had been made in the decedent's lifetime, or within two years of the date of his injury, if no such award had been made."
This part of the statute, which makes no reference to the cause of death, authorizes the commission to pay compensation to the dependent of the deceased injured workman to the extent that he might have received compensation for the period prior to his death. This authority is not limited to instances in which no award was made to the injured workman during his lifetime, for in regard to disbursements to the dependent it is recited "that such payments may be made only in the event that the injured person dies within two years of the date of the last award preceding his death, if any award had been made during the decedent's lifetime." It could hardly have been the legislative intent that a dependent could receive such compensation if the deceased workman "would have been lawfully entitled to have made application for an award," but would not be entitled thereto if an award had actually been made to him. The making of an award ipso facto establishes the lawful right to apply therefor. Nor is the right of a dependent to the compensation, which the deceased workman could have drawn had he lived, affected because such dependent is entitled to receive death benefits. In a proper case the dependent is entitled to both.
Yet in the final analysis the meaning of the statute is to be derived from its four corners when read as a *Page 184 
whole in keeping with the well-known canon of construction that the intendment of the enactment is the polestar of its interpretation. Reading the statute as a whole (the part quoted in the Gaddis case and the "additional part"), we can conclude only that it was the intent of the legislative body to authorize the commission inter alia to carry out the award of compensation to the workman by paying to his dependents not exceeding the amount he might have received during his lifetime regardless of the cause of the workman's death; but in case no award had been made to the workman during his lifetime, the dependent is not entitled to any part of the compensation awardable to the workman for his injury unless his death was the direct result of the injury. Dependent's rights, however, are subject to limitations contained in the provisos.
When there is an award of compensation to the workman on appeal to the Court of Common Pleas, as there was in the instant case, the commission cannot go beyond the award and re-determine the right of the deceased workman thereto, since the adjudication in that court that the workman is entitled to participate in the state insurance fund is, as was said in theGaddis case, "an award of some disability compensation." The commission was foreclosed thereby as to the right of the workman to compensation during his lifetime for the period prior to his death but not as to the extent of the disability or the amount to be paid. These matters remain entirely in the discretion of the commission.
The language of the section quoted in the Gaddis case
relating to the discretion of the commission is "the commission may at its discretion, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, * * * as *Page 185 
the commission shall determine in accordance with the circumstances in each case." The above quoted "additional part" was added to Section 1465-83, General Code, by way of amendment prior to the decision in the Gaddis case but after the date of Gaddis' injury. The language therein relating to discretion is "the commission may, at its discretion, after satisfactory proof to warrant an award and the payments hereinafter mentioned, award and pay an amount, not exceeding the compensation which decedent might have received * * * to such of the dependents * * * as the commission shall determine in accordance with the circumstances in each such case * * *."
These provisions grant discretion to the commission but not authority to act capriciously. The power to pay less than the decedent might have received exists if there is a legal reason to do so. In other words, the discretion vested in the commission is a sound discretion to be exercised according to law. Therefore, the widow of John Pearch as his sole dependent would, if living, be entitled to a writ of mandamus to compel the commission to treat the adjudication made in the Court of Common Pleas as "an award of some disability compensation." Although the court in the Gaddis case was construing only the part of Section 1465-83, General Code, quoted therein, we think the principle pronounced is applicable in the instant case.
It follows that where there is an award to the deceased workman, as here, it is immaterial whether his death was caused by the injury or not, for in either event his dependents would be entitled to receive the unpaid compensation, subject to the provisos in the statute, which have no bearing, however, in the instant case. So an allegation as to cause of death, being immaterial in view of other facts pleaded, need not be incorporated in the petition.
It remains to consider whether the right to compensation *Page 186 
to which the widow of the deceased workman, as his sole dependent, was so entitled, passed to her administratrix. No compensation was paid to the dependent widow during her lifetime and after her death the commission refused to allow any disbursements whatever from the state insurance fund to her administratrix in compensation of her husband's injury for a period prior to his death.
We are of the opinion that the principle stated in the fourth paragraph of the syllabus in Industrial Commission v. Dell,Exrx., supra, applies here. We quote the language thereof:
"4. The right of a widow to participate in the state insurance fund is not lost by the death of such widow before an award has been rendered thereon, but the legal representative of such widow, in the absence of other dependents, is entitled to an award covering the period from the time of the death of the employee until the death of such widow."
In that case the court was concerned with compensation for a workman's death directly resulting from his injury; but in our judgment there is no good reason why a distinction should be made between compensation arising from a workman's death and that arising from his injury. If the administrator or executor of the deceased dependent is entitled to compensation accruing to dependent from the death of the workman, by parity of reasoning such personal representative would be entitled to compensation accruing to dependent by virtue of the parts of Section 1465-83, General Code, under scrutiny.
For the reasons given the relatrix as administratrix of the estate of Margaret Pearch, deceased, is entitled to a writ of mandamus to compel the respondent to pay to relatrix, out of compensation awarded to the deceased workman in cause No. 25779 but remaining unpaid, such an amount as the commission may in the *Page 187 
exercise of its discretion ascertain and determine under the circumstances of this case.
In that cause, the Common Pleas Court also fixed the percentage of fees to be paid to the attorney for the relator, the injured workman, then living. The fees are properly taxable as part of the costs and are payable by the commission upon the disbursement of compensation as awarded. Fisher Body Co. v.Cheflo, 122 Ohio St. 142, 171 N.E. 31. As that compensation, subject to the action of the commission, is now payable to the administratrix of the estate of Margaret Pearch, deceased, the percentage of the attorney fees should be paid to the attorney, John F. Locke, as disbursement of compensation is made to such administratrix.
A writ of mandamus should be allowed as herein indicated.