Zimmerman, J.,
concurring in part and dissenting in part. I concur in the judgment but dissent from the syllabus except as to paragraph one thereof.
My concurrence in th¿ judgment is based on a lack of evidence that the decedent sustained a recognizable “accident” in performing the duties of his employment, to which his death may be ascribed.
My dissent from most of the syllabus rests on the view that the term, “injury,” is there given too restricted an interpretation. Neither the Constitution nor the statutes require or warrant such a limited construction. Certainly, the narrow conception adopted is not in keeping with the long established rule that the Workmen’s Compensation Act, having been enacted for the benefit of workmen and their dependents, should be construed most favorably to them to give full effect and operation to its intent and humane purposes. See State, ex rel. Gaddis, v. Industrial Commission, 133 Ohio St., 553, 556, 15 N. E. (2d), 146; Bowling v. Industrial Commission, 145 Ohio St., 23, 60 N. E. (2d), 479,
*311 I am in full agreement with the following statement which appears in 42 Ohio Jurisprudence, 651, Section 65:
“It seems to be settled that any direct, immediate, and violent derangement of the bodily functions, or degenerative changes in tissues, caused by the accidental inhalation of poisonous gases, or by the accidental eating or drinking of poisonous . substances, on a specific occasion, in the course of the employment, constitutes a compensable injury within the meaning and operation of the compensation act.”
In my opinion, there is no justification for overruling paragraphs one and four of the syllabus in the case of Sebek v. Cleveland Graphite Bronze Co., 148 Ohio St., 693, 76 N. E. (2d), 892, where it was held by a unanimous court that ptomaine poisoning, in the circumstances presented, constituted a compensable injury.
Surely, the prompt and painful effects to the body produced by the eating of contaminated food can and should be classed as an injury within the contemplation of the Workmen’s Compensation Act. I can see no real or substantial difference between this and the disability experienced from drinking a poisonous liquid or that experienced from the inhalation of a noxious gas.
To my mind, there is considerable logic and force in the dissenting opinion of Judge Johnson in the case of Industrial Commission v. Cross, 104 Ohio St., 561, 567, 136 N. E., 283. And it is interesting to note that the judgment in that case was concurred in by only four of the seven members of the court.
Weygandt, C. J., concurs in the foregoing opinion by Zimmerman, J.