Per Curiam.

The principal question raised by this appeal is whether the trial court erred in overruling defendant’s motion for a directed verdict made at the close of all the evidence.
This raises the question as to whether plaintiff alleges and proved a cause of action against defendant. Plaintiff contends that defendant waived any question as to the sufficiency of the petition by failing to demur thereto. In this she is in error. The question as to whether the petition states a cause of action is not waived by failure to demur thereto but may be raised at any time during the trial of the action. Section 2309.10, Revised Code, provides:
“When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant has waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action.”
In Bozzelli v. Industrial Commission, 122 Ohio St., 201, 171 N. E., 108, this court, in the fourth paragraph of the syllabus, stated:
“Failure to object to a petition by demurrer, on the ground that it does not state facts showing a cause of action, does not waive the objection, which may be asserted at any stage of the case — by a motion for directed verdict or by a motion for new *115 trial containing an assignment that the verdict is contrary to law.”
It was, therefore, the duty of the trial- court upon the motion for a directed verdict to determine, first, whether a cause of action was pleaded and, second, whether a cause of action was proved.
An examination of the petition in the instant case demonstrates that the action against the defendant is predicated solely upon the ground of attractive nuisance. The doctrine of attractive nuisance has been repudiated in Ohio. Railroad Co. v. Harvey, 77 Ohio St., 235, 83 N. E., 66, 122 Am. St. Rep., 503, 19 L. R. A. (N. S.), 1136, 11 Ann. Cas., 981. Thus no matter what plaintiff pleads or proved she cannot recover under such doctrine in Ohio since she neither states nor proved a cause of action. In such case it was the duty of the trial court on proper motion to direct a verdict in favor of defendant.
Plaintiff contends, however, that she proved a cause of action in trespass by defendant, and that under our liberal rules of pleading she can plead under one theory and recover under another, if her proof so warrants. While it is true that Ohio does not adhere to the strict rules of pleading required at common law, and that if sufficient facts are proved a plaintiff may recover even though he has mistakenly chosen the wrong theory for his action, he must still allege sufficient facts to establish some cause of action.
Plaintiff relies on trespass. Again, an examination of the petition refutes her contention. The only trespass indicated in the petition is that of persons other than defendant. Nowhere therein does she allege any trespass by defendant or any encroachment by his building. The petition in fact negates any argument of encroachment since it alleges the shed was built on the lot line.
However, plaintiff contends that any omission in her pleading in relation to actual trespass by the defendant was cured by evidence which indicates a trespass by defendant; and that, irrespective of what she alleges in her petition, since the evidence establishes a trespass by defendant, she is entitled to recover for such trespass. While it is quite true that a party may at times recover even though his proof does not conform to his *116 pleading, the rule is not quite as broad as plaintiff believes. It is fundamental law that a party’s proof must substantially conform to his pleading. However, it has been recognized that during the course of a trial the evidence may develop in such a manner that the pleader may find he has proved matters upon which he may recover but which proof does not conform to any allegation in the petition. To protect litigants and to provide for substantial justice, the General Assembly enacted Section 2309.58, Revised Code, which provides as follows:
“Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the laws governing civil procedure, the court may permit either to be made conformable by amendment.”
This section, however, requires an amendment to the pleading upon which the party relies. It is not self-executing or a cure-all. If a party wishes to take advantage of it the burden is on him to so amend. Where a party pleads one cause of action but proves another, he must amend his pleading to conform to the proof, and, if he fails to so amend, there is a failure of proof and a verdict must be directed against him.
Thus, in the present case, plaintiff pleads a cause of action based on attractive nuisance, a theory upon which she cannot recover in Ohio, while the proof, according to plaintiff, established trespass by the defendant. Since plaintiff failed to amend her pleading to conform to the proof, she has failed to establish grounds upon which she can recover, and it was the duty of the trial court on proper motion by the defendant to direct a verdict in his favor.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.