BREIDENBACH, EXR., APPELLEE, *v.* MAYFIELD, ADMR., ET AL., APPELLANTS.

[Cite as Breidenbach *v.* Mayfield (1988), 37 Ohio St. 3d 138.]

(No. 87-775—Submitted February 10, 1988—Decided June 15, 1988.)

*James C. Ayers & Assoc., James C. Ayers, Roof & Barrett* and *John L. Roof,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Gerald H. Waterman* and *Helen M. Ninos,* for appellants.

LOCHER, J. The cardinal question presented in this action is whether the legal representative of the estate of a workers' compensation claimant may appeal a decision of the Industrial Commission to a common pleas court pursuant to R.C. 4123.519. We hold in the negative and, accordingly, reverse the judgment of the court of appeals.

This issue was originally raised by the appellants in the court of appeals upon their filing of a motion to dismiss for lack of subject matter jurisdiction. "Where a court has no jurisdiction over the subject matter of an action or an appeal, a challenge to jurisdiction on such ground may effectively be made for the first time on appeal in a reviewing court." *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122, 35 O.O. 2d

147, 216 N.E. 2d 379, paragraph five of the syllabus. See, also, *Fox* v. *Eaton Corp.* (1976), 48 Ohio St. 2d 236, 2 O.O. 3d 408, 358 N.E. 2d 536.[1] The court of appeals overruled the motion.

Appellants maintain that the trial court lacked subject matter jurisdiction over this cause of action because (1) R.C. 4123.519 is the only statute that could have vested the common pleas court with subject matter jurisdiction over this claim, and (2) R.C. 4123.519 does not afford a right of appeal to the legal representative of a claimant's estate. We agree. "Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act." *Jenkins, supra,* at paragraph four of the syllabus. The jurisdiction of the court of common pleas over workers' compensation claims is not included within its general jurisdiction. However, jurisdiction over such claims is provided by R.C. 4123.519.

R.C. 4123.519 provides in pertinent part:

"*The claimant* or *the employer* may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state.* * *" (Emphasis added.)

The language of this statute is clear and unambiguous. Two parties have been given the right of appeal from a decision of the Industrial Commission by the General Assembly—*the claimant* and *the employer*. Appellee filed the instant appeal pursuant to R.C. 4123.519. However, he is neither a claimant nor an employer.

Appellee argues that he does have the right to appeal the decision of the Industrial Commission based on this court's decision in *Whitmore* v. *Indus. Comm.* (1922), 105 Ohio St. 295, 136 N.E. 910. In that case, a dependent widow died while her claim for death benefits was pending. She had taken the necessary steps to present her claim to the Industrial Commission prior to her death in compliance with the then existing statute. Following her death, the administrator of her estate pursued her claim and prosecuted it all the way through the courts. This court found no error in the administrator's actions.

Appellee's reliance on *Whitmore* is misplaced. Prior to 1931, a legal representative of a deceased employee was permitted to prosecute a workers' compensation claim by statute. Pursuant to G.C. 1465-76 (104 Ohio Laws 194), the legal representative of a deceased employee could make application for an award. Thus, it is not unreasonable that this court found no error in the administrator's actions. Permitting the legal representative or administrator of an estate of a deceased dependent to prosecute a claim would have been a logical extension of the laws at that time. However, this no longer holds true. G.C. 1465-76 was repealed effective July 9, 1931 (114 Ohio Laws 39).[2]

The present Workers' Compensa-

---

[1] Civ. R. 12(H)(3) provides:

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

[2] We are also not persuaded by the

tion Act does not contain *any provisions* which confer the right to file a claim or an appeal upon a legal representative of a claimant's estate. R.C. 4123.519 provides the right of appeal to the claimant and the employer only. Therefore, we hold that the legal representative of the estate of a workers' compensation claimant may not appeal a decision of the Industrial Commission to a common pleas court pursuant to R.C. 4123.519. While this may be a harsh result, we find that to construe this provision otherwise would be legislation by unjustified judicial interpretation. "[I]t must be recognized that a court, in interpreting a legislative enactment, may not simply rewrite it on the basis that it is thereby improving the law." *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, 71, 55 O.O. 2d 120, 126, 269 N.E. 2d 121, 128. "[A] statute which is free from ambiguity is not subject to judicial modification under the guise of interpretation." *Pulley* v. *Malek* (1986), 25 Ohio St. 3d 95, 96-97, 25 OBR 145, 147, 495 N.E. 2d 402, 404.

Based on the foregoing, we find that the trial court did not have subject matter jurisdiction over the executor's appeal filed pursuant to R.C. 4123.519 by a party that had no right to file such an appeal.[3] The motion to dismiss for lack of subject matter jurisdiction should have been granted in favor of the appellants.[4]

Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., HOLMES, DOUGLAS and WRIGHT, JJ., concur.

SWEENEY and H. BROWN, JJ., dissent.

H. BROWN, J., dissenting. R.C. 4123.519 gives a "claimant" a right of appeal from decisions of the Industrial Commission. "Claimant" is not defined in the workers' compensation statutes. Nevertheless, the majority, in contravention of established law, has defined "claimant" to exclude the claimant's executor or legal representative.

The estate of a dependent essentially encompasses all that the decedent owned at the time of his death, including choses in actions. The executor of an estate personally represents the deceased in settling his affairs and distributing his assets. *Service Transport Co.* v. *Matyas* (App. 1952), 63 Ohio Law Abs. 236, 108 N.E. 2d 741, reversed on other grounds (1953), 159

---

authority of *State, ex rel. Hoper,* v. *Indus. Comm.* (1934), 128 Ohio St. 105, 190 N.E. 222. It is unclear whether the administrator of the deceased dependent's estate perfected an appeal from the decision of the Industrial Commission prior to or after July 1931. Furthermore, *Hoper* relies *exclusively* on the authority of *Whitmore, supra,* and *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, 135 N.E. 669. Both cases were decided when G.C. 1465-76 was still in effect.

[3] Moreover, assuming Agnes Breidenbach had filed the appeal in her own right, and then died, we would be compelled to follow our decision in *Youghiogheny & Ohio Coal Co.* v. *Mayfield* (1984), 11 Ohio St. 3d 70, 72, 11 OBR 315, 317, 464 N.E. 2d 133, 135. In footnote 3, we declined "to substitute a representative of the claimant's estate to the appeal pursuant to Civ. R. 25, as the estate does not have any interest in the appeal due to the language of R.C. 4123.519." *Id.* at 72, 25 OBR at 317, 464 N.E. 2d at 135.

[4] Because the issue addressed is dispositive of this action, it is unnecessary to address appellants' other proposition of law.

Ohio St. 300, 50 O.O. 298, 112 N.E. 2d 20. The executor, as a legal representative, stands in the shoes of the decedent. See *Hopper* v. *Nicholas* (1922), 106 Ohio St. 292, 302, 140 N.E. 186, 189; *Freeze* v. *Donegal Mut. Ins. Co.* (1983), 504 Pa. 218, 224, 470 A. 2d 958, 961 ("A personal representative in the person of the executor or administrator of his estate stands in the shoes of the deceased victim as far as entitlement to benefits is concerned."); *Ames Trust & Savings Bank* v. *Reichardt* (1963), 254 Iowa 1272, 121 N.W. 2d 200; *Illinois* v. *Continental Illinois Natl. Bank & Trust Co. of Chicago* (1935), 360 Ill. 454, 458, 196 N.E. 515, 518 ("An executor stands in the shoes of his testator with respect to his personal property, and his ownership of the property is but a continuation of the ownership of the decedent."); *Keogh* v. *Bridgeport* (1982), 187 Conn. 53, 444 A. 2d 225; *Waugh* v. *Lennard* (1949), 69 Ariz. 214, 211 P. 2d 806; *Hanks* v. *Admr. of Estate of Jensen* (Utah 1974), 531 P. 2d 363.

The executor is like a guardian of a ward. Just as the guardian of an insane or incompetent dependent should be able to prosecute an appeal on behalf of the claimant-ward, so too should the executor of a claimant's estate be allowed to prosecute an appeal on behalf of the claimant-decedent.

This court has long allowed the legal representative of the estate of a widow-dependent to pursue the widow's claim throughout the administrative and judicial process. In paragraph four of the syllabus in *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, 135 N.E. 669, we held:

"The right of a widow to participate in the state insurance fund is not lost by the death of such widow before an award has been rendered thereon, but the legal representative of such widow * * * is entitled to an award covering the period from the time of the death of the employee until the death of such widow."

In *Whitmore* v. *Indus. Comm.* (1922), 105 Ohio St. 295, 136 N.E. 910, we affirmed our holding in *Dell, supra,* and allowed the administrator of a widow-dependent's estate to both file an application with the Industrial Commission for death benefits and appeal the Industrial Commission's denial of the award to the court of common pleas. See, also, *State, ex rel. Hoper,* v. *Indus. Comm.* (1934), 128 Ohio St. 105, 190 N.E. 222.

These are sound holdings because a widow-dependent has an interest in her entitlement which survives her death. The entitlement is a property right which can be passed on, through a will, to the people of the dependent's choosing.

The majority seeks to circumvent these cases, claiming they were decided at a time when the workers' compensation statute explicitly permitted the legal representative of a deceased employee to prosecute a claim. However, at the time of *Dell, supra,* and *Whitmore, supra,* the statutory right to appeal decisions of the Industrial Commission was given to a "claimant," with no mention of legal representatives, just as it currently is under R.C. 4123.519. G.C. 1465-90 (103 Ohio Laws 88 and 107 Ohio Laws 162). The provision upon which the majority relies, G.C. 1465-76 (104 Ohio Laws 194), governed a special section of workers' compensation claims relating to injury arising from the "wilful act" of the employer. Neither *Dell, supra,* nor *Whitmore, supra,* involved an employee's "wilful" injury claim. They involved claims by the dependent of a deceased employee pursuant to the death benefits provision, G.C. 1465-82 (103 Ohio Laws 86-87),

which provision is void of reference to "legal representatives."[5]

*Dell, supra, Whitmore, supra,* and *Hoper, supra,* should remain the rule of this court. To deny benefits because a claimant fails to live long enough to survive delays in the administrative process is illogical and unfair. The majority's holding could encourage delay in processing claims, contrary to our statement in *Hoper, supra,* that: "It must at all times be remembered that one of the fundamental purposes of the Workmen's Compensation Law is prompt and certain compensation to those rightfully entitled to receive it." *Id.* at 108, 190 N.E. at 224.

Further, the rule read into the statute by the majority works inequities. Claimants having identical claims could file on the same day, prosecute their claims through the system, and be awarded an entitlement to benefits on the same day. However, under the majority's decision, if one claimant died the day before entitlement was decided and the other the day after, the estate of one would receive bene-fits while the estate of the other would not. That result is absurd. The legislature surely did not intend that a claimant's right to recovery be contingent upon the ability to outlive the administrative process.

Finally, the majority's holding contravenes Ohio's survival of actions statute. R.C. 2305.21 provides: "In addition to causes of action which survive at common law, causes of action for * * * injuries to the person or property * * * shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto." Pursuant to this statute, a widow-dependent's entitlement to death benefits should survive her death.

The court of appeals unanimously held that a workers' compensation claim does not abate when the claimant dies before the administrative decision has been made. I agree.

SWEENEY, J., concurs in the foregoing dissenting opinion.

---

[5] If the majority's reasoning in distinguishing *Dell, supra,* and *Whitmore, supra,* is that giving rights to a "legal representative" under one section of the workers' compensation law justifies extending those rights in other sections, the legal representative of a dependent should be allowed to prosecute the dependent's claim since R.C. 4123.01(A)(1) *currently provides* that "employees *or their legal representatives* or beneficiaries" (emphasis added) may elect, in certain circumstances, whether to regard an independent contractor as the employer.