THE STATE EX REL. NOSSAL, APPELLANT, *v.* TEREX DIVISION OF
I.B.H.; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Nossal v. Terex Div.
of I.B.H.* (1999), 86 Ohio St.3d 175.]

(No. 96–2608—Submitted February 23, 1999—Decided July 28, 1999.)

*Shapiro, Kendis & Assoc.* and *Rachel B. Jaffy,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellee.

***Per Curiam.*** It is undisputed that Lawrence Nossal's death was industrial and that his widow Ann was his lone dependent. As a result, her application for death benefits was granted. Unfortunately, she died before the commission disbursed the funds, prompting the current dispute. David, her estate's administrator, seeks payment of death benefits from the date of Lawrence's death to the date of Ann's. The commission responds that *Breidenbach v. Mayfield* (1988), 37 Ohio St.3d 138, 524 N.E.2d 502, forbids payment. The commission accurately summarizes *Breidenbach.* Today's analysis, however, persuades us to overrule *Breidenbach.*

*Breidenbach* denied death benefits to the estate of a widow who died while an appeal to the commission was pending. The commission posthumously awarded death benefits, but it is unclear whether the commission knew that she had died. Before compensation was apparently distributed, however, the commission reopened the matter—citing the widow's death—and held that the claim was abated. Her executor appealed, seeking benefits for the period between the employee's death and his widow's death.

This court refused to allow the executor to appeal, citing former R.C. 4123.519. The majority reasoned that because the statute permitted only the claimant or

employer to lodge an appeal, an estate administrator—falling outside that definition—was foreclosed from pursuing the matter.

It also acknowledged that under similar circumstances, the opposite conclusion was reached in *Whitmore v. Indus. Comm.* (1922), 105 Ohio St. 295, 136 N.E. 910. Two other cases also reached *Whitmore*'s result. See *Indus. Comm. v. Dell* (1922), 104 Ohio St. 389, 135 N.E. 669, and *State ex rel. Hoper v. Indus. Comm.* (1934), 128 Ohio St. 105, 190 N.E. 222. The majority distinguished these cases by stating that when they were decided, the relevant workers' compensation statute—G.C. 1465–76—explicitly permitted the legal representative of a deceased claimant to prosecute a claim.

The flaw in this reasoning is that G.C. 1465–76 was not the applicable statute. It applied to intentional torts and did not, therefore, apply to *Dell*, *Whitmore*, or *Hoper*. The relevant statute was instead the predecessor of former R.C. 4123.519, G.C. 1465–90, which, for all relevant purposes, was the same as that which governed *Breidenbach*.

In determining that *Whitmore et al.* should once again control, we are persuaded by the following observation, taken from the dissent in *Breidenbach*:

"*Dell, supra, Whitmore, supra,* and *Hoper, supra,* should remain the rule of this court. To deny benefits because a claimant fails to live long enough to survive delays in the administrative process is illogical and unfair. The majority's holding could encourage delay in processing claims, contrary to our statement in *Hoper, supra,* that: 'It must at all times be remembered that one of the fundamental purposes of the Workmen's Compensation Law is prompt and certain compensation to those rightfully entitled to receive it.'

"Further, the rule read into the statute by the majority works inequities. Claimants having identical claims could file on the same day, prosecute their claims through the system, and be awarded an entitlement to benefits on the same day. However, under the majority's decision, if one claimant died before entitlement was decided and the other the day after, the estate of one would receive benefits while the estate of the other would not. That result is absurd. The legislature surely did not intend that a claimant's right to recovery be contingent upon the ability to outlive the administrative process." (Citation omitted.) *Id.* at 143, 524 N.E.2d at 506.

We hold, therefore, that where the commission awards death benefits to the surviving spouse of a deceased employee, but the spouse dies before the funds are disbursed, accrued benefits for the period between the deceased employee's death and the spouse's death shall be paid to the spouse's estate. *Breidenbach* is hereby overruled.

Accordingly, the judgment of the court of appeals is reversed, and the writ is allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.