[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 175.]

THE STATE EX REL. NOSSAL, APPELLANT, *v.* TEREX DIVISION OF I.B.H.;

INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Nossal v. Terex Div. of I.B.H.*, 1999-Ohio-144.]

*Workers' compensation—Industrial Commission awards death benefits to the widow of a deceased employee but widow dies before the commission disburses the funds—Widow's estate can seek payment of those accrued benefits for the period between the deceased employee's death and the widow's death.*

Where the commission awards death benefits to the surviving spouse of a deceased employee, but the spouse dies before the funds are disbursed, accrued benefits for the period between the deceased employee's death and the spouse's death shall be paid to the spouse's estate. (*Breidenbach v. Mayfield* [1988], 37 Ohio St.3d 138, 524 N.E.2d 502, overruled.)

(No. 96-2608—Submitted February 23, 1999—Decided July 28, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD12-1601.

———————————

{¶ 1} On July 24, 1985, Lawrence Nossal died of pulmonary fibrosis secondary to asbestosis. He had been a pipe fitter for approximately twenty-five years.

{¶ 2} Ann, his widow and sole dependent, filed an application for death benefits with appellee, Industrial Commission of Ohio, on March 18, 1987. On November 14, 1989, a district hearing officer granted the death claim against Terex Division of General Motors. Benefits were ordered to Ann at the rate of $298 per week beginning as of Lawrence's date of death and to continue without suspension. An amended order followed that identified the employer as "Terex I.B.H."

**{¶ 3}** The employer appealed on January 8, 1990. On January 12, 1990, Ann died. No benefits had yet been paid to her. Terex successfully moved to dismiss the claim, due to Ann's death. David Nossal, administrator of Ann's estate, and appellant herein, instituted a new cause of action, moving the commission to order payment of "the accumulated death benefits from the date of death of the claimant, Lawrence Nossal, July 24, 1985, to the date of the death of the [w]idow-claimant Ann Nossal, January 12, 1990, inclusive." A commission hearing officer denied the motion on October 11, 1991, writing:

"(1) Pursuant to the Industrial Commission and Bureau of Workers' Compensation Rule 4123-5-21, the widow has now become a claimant, with the filing of a request for death benefits, and on the claimant's date of death, her claim was abated.

"(2) Pursuant to Memo Number H.9 of the Hearing Officer Manual, 'no benefits can ever be paid to an estate,' as requested by the C-86 filed 8-22-91. Therefore, the estate has no standing with regard to the within claim.

"(3) This decision is further based on the case of [*Breidenbach*] *v. Mayfield* (1988), 37 Ohio St.3d 138 [524 N.E.2d 502], wherein the court opined that 'the legal representative of the estate of a Workers' Compensation claimant may not appeal a decision of the Industrial Commission to a Common Pleas Court pursuant to 4123.519.' "

**{¶ 4}** David filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying payment of accrued benefits. The court of appeals, citing *Breidenbach v. Mayfield, supra*, denied the writ.

**{¶ 5}** This cause is now before this court upon an appeal as of right.

_____

*Shapiro, Kendis & Assoc*. and *Rachel B. Jaffy,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 6} It is undisputed that Lawrence Nossal's death was industrial and that his widow Ann was his lone dependent. As a result, her application for death benefits was granted. Unfortunately, she died before the commission disbursed the funds, prompting the current dispute. David, her estate's administrator, seeks payment of death benefits from the date of Lawrence's death to the date of Ann's. The commission responds that *Breidenbach v. Mayfield* (1988), 37 Ohio St.3d 138, 524 N.E.2d 502, forbids payment. The commission accurately summarizes *Breidenbach*. Today's analysis, however, persuades us to overrule *Breidenbach*.

{¶ 7} *Breidenbach* denied death benefits to the estate of a widow who died while an appeal to the commission was pending. The commission posthumously awarded death benefits, but it is unclear whether the commission knew that she had died. Before compensation was apparently distributed, however, the commission reopened the matter—citing the widow's death—and held that the claim was abated. Her executor appealed, seeking benefits for the period between the employee's death and his widow's death.

{¶ 8} This court refused to allow the executor to appeal, citing former R.C. 4123.519. The majority reasoned that because the statute permitted only the claimant or employer to lodge an appeal, an estate administrator—falling outside that definition—was foreclosed from pursuing the matter.

{¶ 9} It also acknowledged that under similar circumstances, the opposite conclusion was reached in *Whitmore v. Indus. Comm.* (1922), 105 Ohio St. 295, 136 N.E. 910. Two other cases also reached *Whitmore*'s result. See *Indus. Comm. v. Dell* (1922), 104 Ohio St. 389, 135 N.E. 669, and *State ex rel. Hoper v. Indus. Comm.* (1934), 128 Ohio St. 105, 190 N.E. 222. The majority distinguished these

cases by stating that when they were decided, the relevant workers' compensation statute—G.C. 1465-76—explicitly permitted the legal representative of a deceased claimant to prosecute a claim.

{¶ 10} The flaw in this reasoning is that G.C. 1465-76 was not the applicable statute. It applied to intentional torts and did not, therefore, apply to *Dell, Whitmore,* or *Hoper.* The relevant statute was instead the predecessor of former R.C. 4123.519, G.C. 1465-90, which, for all relevant purposes, was the same as that which governed *Breidenbach.*

{¶ 11} In determining that *Whitmore et al.* should once again control, we are persuaded by the following observation, taken from the dissent in *Breidenbach*:

"*Dell*, *supra*, *Whitmore*, *supra,* and *Hoper, supra*, should remain the rule of this court. To deny benefits because a claimant fails to live long enough to survive delays in the administrative process is illogical and unfair. The majority's holding could encourage delay in processing claims, contrary to our statement in *Hoper, supra*, that: 'It must at all times be remembered that one of the fundamental purposes of the Workmen's Compensation Law is prompt and certain compensation to those rightfully entitled to receive it.'

"Further, the rule read into the statute by the majority works inequities. Claimants having identical claims could file on the same day, prosecute their claims through the system, and be awarded an entitlement to benefits on the same day. However, under the majority's decision, if one claimant died before entitlement was decided and the other the day after, the estate of one would receive benefits while the estate of the other would not. That result is absurd. The legislature surely did not intend that a claimant's right to recovery be contingent upon the ability to outlive the administrative process." (Citation omitted.) *Id*. at 143, 524 N.E.2d at 506.

{¶ 12} We hold, therefore, that where the commission awards death benefits to the surviving spouse of a deceased employee, but the spouse dies before the funds

are disbursed, accrued benefits for the period between the deceased employee's death and the spouse's death shall be paid to the spouse's estate. *Breidenbach* is hereby overruled.

{¶ 13} Accordingly, the judgment of the court of appeals is reversed, and the writ is allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____