The STATE ex rel. ESTATE OF McKENNEY

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as *State ex rel. McKenney v. Indus. Comm.*, 159 Ohio App.3d 720, 2005-Ohio-981.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–1196.

Decided March 8, 2005.

Robert E. Gross Co., L.P.A., Robert E. Gross, and Scott Coglan, for relator.

Jim Petro, Attorney General, and William J. McDonald, for respondent Industrial Commission of Ohio.

Duvin, Cahn & Hutton and Christine C. Covey, for respondent Wal–Mart Stores, Inc.

SADLER, Judge.

{¶ 1} Relator, the estate of Nancy L. McKenney, filed this original action seeking a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order denying payment to relator of the entire portion of deceased injured worker Patrick McKenney's permanent partial disability ("PPD") award that remained unpaid as of the date of the death of his wife Nancy McKenney.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On April 29, 2004, the magistrate rendered a decision, including findings of fact and conclusions of law, and therein recommended that this court grant a writ of mandamus ordering the commission to vacate its order denying payment to relator of the entire unpaid portion of Mr. McKenney's PPD award (also known as a scheduled loss-of-use award) and further ordering the commission to refer the matter to the Ohio Bureau of Workers' Compensation for a determination whether the award should be paid to relator in a lump sum. Relator and respondents timely filed objections to the magistrate's decision, which are now before the court.

{¶ 3} In their objections, respondents argue that the magistrate erred in concluding that administrative delay caused Mrs. McKenney's nonreceipt of her husband's loss-of-use award, so that this case is susceptible of analysis under the cases of *State ex rel. Johnston v. Ohio Bur. of Workers' Comp.* (2001), 92 Ohio St.3d 463, 751 N.E.2d 974, and *State ex rel. Hubbard v. Indus. Comm.*, 96 Ohio St.3d 336, 2002-Ohio-4795, 774 N.E.2d 1206. We agree with respondents that

administrative delay did not occur in this case and thus did not contribute to Mrs. McKenney's nonreceipt of her husband's benefits. We therefore sustain respondents' objection to the extent that the magistrate concluded that administrative delay occurred and that the delay brings this case within the framework of *Johnston* and *Hubbard.*

{¶ 4} Respondents appear to be urging us to apply Supreme Court of Ohio precedent so as to allow payment of a deceased injured worker's loss-of-use award to a surviving spouse only in the case of administrative delays. However, we believe that the plain language of R.C. 4123.57 entitles Mr. McKenney's surviving dependents (of which Mrs. McKenney was the only one while she was living) to all weekly installments to which Mr. McKenney would have been entitled had he survived, notwithstanding the fact that administrative delay played no part in the development of events in this case.

{¶ 5} R.C. 4123.57(B) provides:

When an award under this division has been made prior to the death of an employee all unpaid installments *accrued or to accrue* under the provisions of the award shall be payable to the surviving spouse, or if there is no surviving spouse, to the dependent children of the employee and if there are no such children, then to such dependents as the administrator determines.

(Emphasis added.)

{¶ 6} By the plain language of the statute, the surviving spouse or other eligible dependent recovers not only PPD compensation that has accrued by the date of the injured worker's death but any compensation "to accrue" or, put another way, any compensation that would have accrued but for the death of the injured worker. Accordingly, in the present case, a total of 844 weeks of Patrick McKenney's loss-of-use award remained payable at the time of his death, and his sole dependent, Nancy McKenney, was eligible to receive all 844 weeks of this compensation, pursuant to R.C. 4123.57(B). However, this is true only so long as she was eligible to participate in the Ohio workers' compensation system. Contrary to the conclusion of the magistrate, we believe that Mrs. McKenney ceased to be an eligible dependent once she passed away.

{¶ 7} The magistrate relies in part upon the cases of *State ex rel. Nossal v. Terex Div. of I.B.H.* (1999), 86 Ohio St.3d 175, 712 N.E.2d 747, and *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 737 N.E.2d 519, to conclude that all 844 unpaid installments of Patrick McKenney's PPD award must be paid to Mrs. McKenney's estate. *Nossal* and *Liposchak* are readily distinguishable from this case and do not support the magistrate's conclusion.

{¶ 8} The syllabus of *Nossal* states only that "accrued benefits for the period between the deceased employee's death and the spouse's death shall be paid to

the spouse's estate." In *Nossal,* the administrator of the surviving spouse's estate never sought any benefits that would have accrued after the surviving spouse's death. Thus, the issue with which we are presented was not before the court in that case. *Nossal* concerned benefits that accrued for a period during which the claimant (the surviving spouse) was alive and thus eligible to participate in the workers' compensation system. In the case at bar, the benefits at issue would not have accrued until after Nancy McKenney's death, an event that fundamentally altered her eligibility to receive benefits as a dependent.

{¶ 9} In *Liposchak,* the court simply held that the estate of the *deceased injured worker* was entitled to all accrued permanent partial and permanent total disability benefits that remained unpaid *as of his death. Liposchak* did not involve the specific issue whether benefits that would have accrued *after the injured worker's death* would have been payable to his estate, nor did it address which benefits the estate of a *deceased dependent* may recover. *Liposchak* does not justify an award to the *surviving spouse's estate* of PPD benefits that had not accrued as of the date of *her* death.

{¶ 10} The magistrate also relied upon the immediately quantifiable character of PPD compensation (as distinct from other types of compensation such as temporary total disability compensation, to which an injured worker must prove continued entitlement) for the proposition that PPD compensation is payable to the estate of an injured worker's dependent. But this rationale does not overweigh the fact that payment to the estate of a dependant, of PPD compensation that would have accrued after the dependent's death, is impermissible under the Ohio Constitution.

{¶ 11} Section 35, Article II of the Ohio Constitution provides for payment of compensation to only two classes of persons – injured workers and their dependents. It provides that laws may be passed "[f]or the purpose of providing compensation to *workmen and their dependents,* for death, injuries or occupational disease, occasioned in the course of such workmen's employment." (Emphasis added.)

{¶ 12} So long as Nancy McKenney was living, and notwithstanding the fact that the commission had not yet made an award of compensation to her, there still existed a dependent of Patrick McKenney eligible to receive the installments of his PPD award that had not yet been paid as of his death. But from the moment of Nancy McKenney's unfortunate passing, no person remained who was intended to benefit from the workers' compensation laws with respect to Mr. McKenney's PPD award. Thus, though Mrs. McKenney had a right to participate in the workers' compensation system while she was living, this right was extinguished once she died, and any payment to her estate for benefits that had not accrued by her date of death would be unconstitutional.

{¶ 13} This principle is the precise one upon which the Supreme Court of Ohio based its holding, over 80 years ago, in *State ex rel. Crawford v. Indus. Comm.* (1924), 110 Ohio St. 271, 2 Ohio Law Abs. 308, 143 N.E. 574. In *Crawford,* the issue was whether an order awarding death benefits to the surviving spouse of an injured worker was irrevocable, so that upon the surviving spouse's death, her estate would be entitled to all unpaid installments of the award. The court answered this question in the negative and denied the requested writ of mandamus. The court relied upon the clear constitutional language providing for compensation to only two classes of beneficiaries, and also on the fact that the workers' compensation law is "founded upon the principle of insurance" and "is in no sense a pension, or bounty, or gratuity." Id. at 274, 2 Ohio Law Abs. 308, 143 N.E. 574.

{¶ 14} Noting that many vested rights in American jurisprudence may be divested upon the occurrence of certain conditions, the court held that the commission's continuing jurisdiction could be invoked to support a revocation of the surviving spouse's right to participate in the workers' compensation system once she was no longer living. The court explained:

We feel that in construing all of the sections of the Industrial Commission Act *in pari materia,* and in seeking to harmonize and give effect to all, the seemingly imperative language of section 1465-82 [now R.C. 4123.59] *must yield to the more important constitutional provisions limiting disbursements to employe[e]s or dependents, to the provisions of other statutes making the same limitations,* to the statute denying rights of creditors in disbursement of the fund, and to the statute giving to the Commission continuing jurisdiction over all its orders.

(Emphasis added.) *Crawford,* 110 Ohio St. at 285, 143 N.E. 574.

{¶ 15} The *Crawford* court relied upon *Indus. Comm. of Ohio v. Dell* (1922), 104 Ohio St. 389, 135 N.E. 669, decided two years earlier. In that case, the court held that the estate of an injured worker's surviving spouse is entitled to death benefits for which the surviving spouse was eligible from the time of the injured worker's death, even though the surviving spouse died before the commission had made an award to her. But the court limited the estate's right of recovery to benefits for the period during which the surviving spouse was eligible to participate as a dependent—that is, the period during which she was alive, and disallowed any recovery for the widow's estate for the period following her death. The court held:

By authority of the continuing jurisdiction conferred by Section 1465-86, General Code [now R.C. 4123.52], the industrial commission may revoke an award theretofore made, upon ascertainment of any facts going to the basis of the claimant's right, whenever in its opinion such revocation is justified.

Id. at paragraph one of the syllabus. The "basis of the claimant's right" to receive benefits was the fact that she was a living surviving spouse, and the court treated her death as the event that rendered her no longer eligible to participate in the workers' compensation system. Thus, it denied recovery to her estate for any payments that would have accrued after her death.

{¶ 16} Likewise, though Nancy McKenney was an eligible dependent for the purpose of collecting all payments of her husband's PPD award that were "accrued or to accrue" after *his* death, she became ineligible for further participation when she passed away. Thus, her estate is not lawfully entitled to any portion of the PPD award covering the period following *her* death.

{¶ 17} When the commission reached this very conclusion, ordered the staff hearing officer's order vacated, and denied payment to relator of any of Patrick McKenney's PPD award that was "to accrue" after Nancy McKenney's death, it correctly determined the legal question at issue. To the extent that the magistrate's conclusions differ therefrom, we reject them and sustain respondents' objections.

{¶ 18} Relator argues that the magistrate erred in determining that the matter should be remanded to the bureau for a determination as to whether the loss-of-use award should be paid in a lump sum. Because our resolution of respondents' objections renders moot the issue of whether payment should be made in a lump sum, we decline to address relator's objection.

{¶ 19} For all of the foregoing reasons, we adopt the magistrate's findings of fact but reject the magistrate's conclusions of law and replace them with our own as set forth in this decision. We sustain respondents' objections to the extent set forth herein, overrule relator's objections as moot, and deny the requested writ of mandamus.

> Respondents' objections sustained,
> relator's objections overruled as moot,
> and writ of mandamus denied.

PETREE, J., concurs.

LAZARUS, J., dissents.

LAZARUS, Judge, dissenting.

{¶ 20} Being unable to agree with the majority, I respectfully dissent.

{¶ 21} I believe recent Ohio Supreme Court precedent supports the magistrate's decision in this case. Specifically, R.C. 4123.60 allows dependents to collect compensation that had accrued but had not been paid to an employee prior to death. In *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276,

737 N.E.2d 519, the Supreme Court of Ohio allowed the estate of the decedent to collect his accrued R.C. 4123.60 compensation. In *State ex rel. Nossal v. Terex Div. of I.B.H.* (1999), 86 Ohio St.3d 175, 712 N.E.2d 747, the Ohio Supreme Court allowed estates of deceased dependents to recover accrued R.C. 4123.60 compensation to which the dependent was entitled from the State Insurance Fund.

{¶ 22} The statute at issue in this case, R.C. 4123.57(B), is worded in such a way as to allow recovery of not only accrued compensation but compensation that *would have accrued* but for the death of the employee. I agree with the majority that administrative delay is not at issue in this case. In fact, I believe it to be a red herring because of the specific language of the statute at issue here. The language in R.C. 4123.57(B) makes it clear that Mr. McKenney's dependents were entitled to the full weekly installments that Mr. McKenney would have been entitled to had he survived.

{¶ 23} There are 844 weeks of the total-loss-of-use award that remain payable had the injured worker, Mr. Patrick McKenney, survived. Mrs. McKenney had applied for a lump-sum award prior to her death. All the compensation was accrued and payable at the time of her death.

{¶ 24} I believe that the majority has failed to distinguish recent Ohio Supreme Court precedent in *Nossal* and *Liposchak* from the older Ohio Supreme Court case of *State ex rel. Crawford v. Indus. Comm.* (1924), 110 Ohio St. 271, 143 N.E. 574. In the more recent cases, the Ohio Supreme Court allowed payment of accrued compensation to a deceased claimant's estate or the estate of a deceased dependent. Here, all compensation to which Mrs. McKenney was entitled was accrued compensation. Thus, I believe the magistrate was correct in relying upon the more recent Ohio Supreme Court precedent. Furthermore, the court in *Liposchak* and *Nossal* permitted death benefits pursuant to R.C. 4123.60 to be paid to an estate even though the statute designated that it be paid only to "dependents." I believe the same logic applies here in construing R.C. 4123.57(B).

{¶ 25} Accordingly, I believe the writ should have been granted, and all benefits should have been paid to the estate of the surviving spouse.

### APPENDIX

STEPHANIE BISCA BROOKS, Magistrate.

{¶ 26} Relator, the estate of Nancy L. McKenney, who was the surviving spouse of Patrick McKenney, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order that denied the request for payment of the remaining 844 weeks of the scheduled-loss award and ordered the award payable only through the date of the death of Nancy L. McKenney's ("claimant").

Findings of Fact:

{¶ 27} 1. Decedent was employed by respondent, Wal–Mart Stores, Inc., a self-insured employer under Ohio's workers' compensation laws, and sustained a work-related injury on October 18, 2001. Wal–Mart initially certified decedent's claim for a neck sprain. Decedent's claim was later allowed for quadriplegia.

{¶ 28} 2. On March 15, 2002, decedent died as a result of a myocardial infarction due to quadriplegia.

{¶ 29} 3. Prior to his death, Wal–Mart agreed to pay and began paying permanent total disability ("PTD") compensation and loss-of-use benefits related to decedent's loss of use of both of his arms and legs. Pursuant to R.C. 4123.57(B), decedent was entitled to a total of 850 weeks of compensation for the scheduled loss of use of both arms (225 plus 225) and both legs (200 plus 200).

{¶ 30} 4. On April 26, 2002, claimant, decedent's surviving spouse, filed a First Report of Injury form requesting the allowance of a death claim along with a C–86 motion requesting a lump-sum payment of accrued benefits relating to decedent's loss-of-use award under R.C. 4123.57(B), PTD compensation, and the payment of outstanding medical bills.

{¶ 31} 5. The next day, April 27, 2002, claimant died. As of the date of her death, a total of six weeks of compensation for loss of use had been paid to claimant.

{¶ 32} 6. On May 20, 2002, a hearing was held before a district hearing officer ("DHO"). The parties agreed that all PTD compensation had been paid and that all outstanding medical bills had been paid and that these were no longer issues in the case. Therefore, the only issue that remained concerned whether Wal–Mart was obligated to pay the additional 844 weeks of scheduled-loss payments and/or the timing of the payments. The DHO determined that pursuant to R.C. 4123.57(B), Wal–Mart was responsible to pay the additional 844 weeks of compensation on the grounds that the award had been made prior to the death of decedent and that all unpaid installments accrued or to accrue were payable to the surviving spouse irrespective of her death. The DHO also concluded that the remaining 844 weeks of the total-loss-of-use award would be payable over 844 weeks, commencing from the date of the last payment, instead of one lump-sum payment.

{¶ 33} 7. Both parties appealed, and the matter was heard by a staff hearing officer ("SHO") on June 28, 2002. The SHO affirmed the prior DHO order, agreeing that the decisions in *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 737 N.E.2d 519, and *State ex rel. Nossal v. Terex Div. of I.B.H.* (1999), 86 Ohio St.3d 175, 712 N.E.2d 747, applied and that relator had estab-

lished entitlement to the accrued compensation. Therefore, the SHO concluded that entitlement to the loss-of-use benefits did not abate upon claimant's death.

{¶ 34} 8. Both parties appealed to the entire commission. In its October 3, 2003 order, the commission vacated the SHO order and granted Wal–Mart's appeal, finding that relator, the estate of Nancy L. McKenney, was not entitled to receive loss-of-use benefits after her death on April 27, 2002. The commission based this determination on the following rationale:

R.C. 4123.57(B) states in relevant part: "When an award under this division has been made prior to the death of an employee all unpaid installments accrued or to accrue under the provisions of the award shall be payable to the surviving spouse, * * * to the dependent children of the employee and if there are no such children, then to such dependents as the administrator determines." The statute specifically distinguishes accrued compensation from compensation that has not yet accrued.

R.C. 4123.57(B) provides for an award of compensation for loss of use to the surviving spouse of the injured worker of such compensation accrued during the injured worker's lifetime and that which would have accrued had the *injured worker* survived. The statute makes no such award for compensation that will not accrue until after the death of the surviving spouse or any eligible dependent. Therefore, when Nancy McKenney died on 04/27/2002, the unaccrued loss of use benefits were no longer payable in the absence of an eligible dependent to whom a further award could be made. The plain language of R.C. 4123.57(B) makes it clear that the surviving spouse's entitlement to the loss of use benefits abates upon her death and no further benefits are payable. The Industrial Commission declines the invitation to rewrite the statute and pay compensation beyond what the legislature intended.

The finding that the estate is not eligible for an award of unaccrued compensation is supported by the recent holdings of the Supreme Court in *State ex rel. Hubbard v. Indus. Comm.* (2002), 96 Ohio St.3d 336 [774 N.E.2d 1206] and *State ex rel. Johns[t]on v. Ohio Bur. of Workers' Comp.* (2001), 9[2] Ohio St.3d 463 [751 N.E.2d 974]. In *Hubbard*, the Court cited *Johns[t]on* and noted that it was not disputed that unaccrued benefits generally abate upon death. *Hubbard* went on to describe as "fundamental" the principle that workers' compensation benefits are generally uninheritable. It bears emphasizing that neither *Johns[t]on* nor *Hubbard* authorized payment to an estate of any compensation that did not accrue prior to the death of the party to whom it was or should have been awarded.

In the order, dated 06/28/2002, the Staff Hearing Officer erroneously found that the entitlement to the loss of use award did not abate upon the death of the surviving spouse, Nancy McKenney. The Staff Hearing Officer based that

decision on *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 737 N.E.2d 519 and *State ex rel. Nossal v. Terex Division of I.B.H.* (1999), 86 Ohio St.3d 175, 712 N.E.2d 747. However, the Industrial Commission finds that the Hearing Officer misinterpreted those decisions. Both *Liposchak* and *Nossal* dealt with the payment of accrued, but unpaid, benefits to an estate and provide no legal authority to award unaccrued loss of use benefits to the surviving spouse's estate beyond the date of death.

In *Nossal* the court held that a widow's estate could seek payment of death benefits awarded to the widow of the deceased employee where the widow died before the funds were dispersed, for the period between the deceased employee's death and the widow's death. In *Liposchak* the court ruled that a decedent's estate was entitled to compensation under R.C. 4123.60 that accrued but was not paid to the decedent.

Both *Nossal* and *Liposchak* dealt with the payment of accrued, but unpaid, benefits to an estate. In this case, the loss of use benefits sought by the estate of Nancy McKenney did not accrue. The benefits were neither due nor payable to the deceased at the time of her death, on 04/27/2002. The motion for a lump sum payment for the loss of use award, pursuant to R.C. 4123.57(B) is therefore denied.

(Emphasis sic.)

{¶ 35} 9. Commissioner Gannon, the only attorney on the commission, dissented and determined that pursuant to R.C. 4123.57(B), an injured worker is entitled to the total number of weeks provided for in the statute if he has one of the scheduled losses. Gannon noted that the drawn-out payment schedule followed in a scheduled-loss award keeps claimants from being promptly paid the compensation to which they are entitled. Gannon cited *State ex rel. Johnston v. Ohio Bur. of Workers' Comp.* (2001), 92 Ohio St.3d 463, 751 N.E.2d 974, wherein the Ohio Supreme Court determined that the claimant's estate could recover the compensation that the claimant would have received, but for administrative delays, during his lifetime. Because a loss-of-use award would have continued to be paid, without a need for further medical documentation, Gannon argued that the remainder of decedent's loss-of-use award should be paid after his death, even here, where his surviving spouse had also died. Furthermore, since the court in *Liposchak* permitted death benefits pursuant to R.C. 4123.60 to be paid to an estate even though the statute only designated that it be paid to "dependents," Commissioner Gannon found that the language in R.C. 4123.57(B) designating the surviving spouse or the injured worker's dependents as entitled to receive the decedent's compensation was immaterial.

{¶ 36} 10. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 37} The issue presented in this case is unique and can be summarized as follows. When an award has been made to an employee finding that the employee is entitled to a scheduled-loss award under R.C. 4123.57(B) prior to the employee's death, and the compensation is then paid out to the employee's surviving spouse, who files an application with the commission seeking to have the scheduled-loss award paid to her in a lump sum, what is the effect of the death of the surviving spouse on the receipt of the remainder of the scheduled-loss award, and can it be paid to the surviving spouse's estate when there are no dependents of the employee? For the reasons that follow, this magistrate finds that the commission abused its discretion in denying relator the remaining compensation that was awarded to decedent prior to his death.

{¶ 38} R.C. 4123.57(B) provides as follows:

In cases included in the following schedule the compensation payable per week to the employee is the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code per week and shall continue during the periods provided in the following schedule:

* * *

For the loss of an arm, two hundred twenty-five weeks.

* * *

For the loss of a leg, two hundred weeks.

* * *

When an award under this division has been made prior to the death of an employee all unpaid installments accrued or to accrue under the provisions of the award shall be payable to the surviving spouse, or if there is no surviving spouse, to the dependent children of the employee and if there are no such children, then to such dependents as the administrator determines.

{¶ 39} Decedent sustained the loss, by paralysis, of both arms and both legs. Decedent was therefore entitled to receive compensation for 850 weeks, which is equal to almost 16 1/2 years. At the time of his injuries, decedent was 69 years old and his surviving spouse was 66 years old.

{¶ 40} The Ohio Supreme Court has noted that benefits for partial disability are similar to damages awarded for work-related injuries. See *State ex rel. Gen. Motors Corp. v. Indus. Comm.* (1975), 42 Ohio St.2d 278, 71 O.O.2d 255, 328 N.E.2d 387. In *State ex rel. Latino v. Indus. Comm.* (1968), 13 Ohio St.2d 103, 107, 42 O.O.2d 324, 234 N.E.2d 912, the court considered former R.C. 4123.57(C), now 4123.57(B), and noted that "[t]he award under this part is akin to general damages and not wage compensation." The court went on to note that awards under former R.C. 4123.57(C) "are so clear-cut and invariable as to warrant the

fixing of the 'damage' award by the General Assembly." Id. at 108, 42 O.O.2d 324, 234 N.E.2d 912.

{¶ 41} In *Johnston,* supra, the court explained the development of the law in this general arena; however, the precise question before the court now was not addressed. In *Johnston,* the court noted that, early on, the question of whether a claimant's entitlement to workers' compensation benefits survived his or her death depended on the type of compensation involved, the stage to which the claim had progressed, and the legal status of the person seeking to recover after death. Pursuant to the statutes in effect at that time, a dependent of a deceased employee, in his or her capacity as a dependent, was authorized to recover any unpaid disability benefits that had accrued and had been awarded during the employee's lifetime. However, the injured employee's right to disability benefits was held not to pass to his or her estate and, therefore, neither the employee's estate representative nor the employee's dependent acting in the capacity of an estate representative could recover compensation to which the deceased employee was entitled while living. The rationale for that principle was that Ohio workers' compensation laws permit the state insurance fund to be used only for the payment of compensation and benefits to living employees and their dependents after death.

{¶ 42} *Johnston,* supra, 92 Ohio St.3d at 471, 751 N.E.2d 974, states:

Given this rationale, one would expect that parallel results would have been reached in cases involving the inheritability of a dependent's right to death benefits, since the same provisions that limit disability compensation payments to employees who are injured in the course of employment also limit death benefit payments to dependents of employees who are killed in the course of employment. Yet each of these two types of compensation was expressly distinguished from the other for purposes of inheritability. See [*Bozzelli v. Indus. Comm.* (1930), 122 Ohio St. 201], 207–208, 171 N.E. [108] at 110; *State ex rel. Hoper v. Indus. Comm.* (1934), 128 Ohio St. 105, 107–108, 190 N.E. 222, 223.

{¶ 43} Therefore, while a dependent's estate could not recover installments of death benefits payable after the dependent's death, the personal representative of a deceased dependent was permitted to recover from the state insurance fund the compensation to which the dependent was entitled while living, even where no award had been made during the dependent's lifetime.

{¶ 44} Several years later, the court held that the legal representative of the estate of a workers' compensation claimant could not appeal a decision of the commission to a common pleas court pursuant to R.C. 4123.519. *Breidenbach v. Mayfield* (1988), 37 Ohio St.3d 138, 524 N.E.2d 502. In *Breidenbach,* the widow-

claimant filed an application for workers' compensation benefits on March 5, 1980, following the death of her husband. The claim was disallowed administratively at the district hearing and regional board levels. The claimant died on July 26, 1981, while her appeal was pending before the commission, and the court affirmed the commission's order that her appeal of a previously disallowed death claim had abated by her death.

{¶ 45} Justice Herbert R. Brown wrote a dissent in *Breidenbach,* 37 Ohio St.3d at 143, 524 N.E.2d 502, and argued as follows:

[*Indus. Comm. v. Dell* (1922), 104 Ohio St. 389, 135 N.E., 669; *Whitmore v. Indus. Comm.* (1922), 105 Ohio St. 295, 136 N.E. 910; and *State ex rel. Hoper v. Indus. Comm.* (1934), 128 Ohio St. 105, 190 N.E. 222] should remain the rule of this court. To deny benefits because a claimant fails to live long enough to survive delays in the administrative process is illogical and unfair. The majority's holding could encourage delay in processing claims, contrary to our statement in *Hoper, supra,* that: "It must at all times be remembered that one of the fundamental purposes of the Workmen's Compensation Law is prompt and certain compensation to those rightfully entitled to receive it." *Id.* at 108, 190 N.E. at 224.

Further, the rule read into the statute by the majority works inequities. Claimants having identical claims could file on the same day, prosecute their claims through the system, and be awarded an entitlement to benefits on the same day. However, under the majority's decision, if one claimant died the day before entitlement was decided and the other the day after, the estate of one would receive benefits while the estate of the other would not. That result is absurd. The legislature surely did not intend that a claimant's right to recovery be contingent upon the ability to outlive the administrative process.

{¶ 46} Thereafter, in *Nossal,* 86 Ohio St.3d 175, 712 N.E.2d 747, syllabus, the court adopted the reasoning of Justice Brown's dissent, overruled *Breidenbach,* and held as follows:

Where the commission awards death benefits to the surviving spouse of a deceased employee, but the spouse dies before the funds are disbursed, accrued benefits for the period between the deceased employee's death and the spouse's death shall be paid to the spouse's estate.

{¶ 47} Later, in *Liposchak,* supra, the court decided that the estate of a deceased employee could recover the disability compensation that had accrued but had not been paid to the employee prior to his death. The court explained, 90 Ohio St.3d at 282, 737 N.E.2d 519, as follows:

In *State ex rel. Nossal v. Terex Div. of I.B.H.* (1999), 86 Ohio St.3d 175, 712 N.E.2d 747, syllabus, we held that the estates of deceased dependents can

recover R.C. 4123.60 compensation to which the dependent was entitled from the State Insurance Fund. Thus, Walter, as executor of Robert's estate, reasonably asks why estates of workers should not be able to collect accrued compensation when the estates of dependents are able to collect. We see no reason for such an inequity. Accordingly, we follow *Nossal,* and hold that Robert's estate is entitled under R.C. 4123.60 to compensation that accrued to Robert, but had not been paid to him at the time of his death.

{¶ 48} In *Johnston,* following its explanation of the development of the case law in this area, the court specifically noted, 92 Ohio St.3d at 473, 751 N.E.2d 974, as follows:

Thus, albeit slowly and unevenly, we have come to recognize the inherent injustice of requiring a claimant, whether he or she be a dependent seeking death benefits or an injured employee seeking disability compensation, to outlive delays in the administrative process. Regardless of the status of the claim at the time of death, the claimant's estate may recover the compensation that the claimant would have received, but for administrative delays, during his or her lifetime.

{¶ 49} Further, in *Johnston,* the question was whether an administrative delay should also preclude a pending settlement claim from abating upon the claimant's death. *Johnston* involved an application for a lump-sum settlement in an allowed claim that the Ohio Bureau of Workers' Compensation did not process for eight months. The claimant died in the interim from a non-work-related cause, prompting the bureau to assert that the claim had abated. The claimant's widow argued that the delay was unreasonable and proposed that an exception to the general abatement should apply. The court agreed and concluded, 92 Ohio St.3d at 473, 751 N.E.2d 974, as follows:

The foregoing examination reveals that this court considers the provision of prompt and certain compensation to deserving claimants to be no less fundamental to Ohio workers' compensation law than the principle that workers' compensation benefits are generally uninheritable.

{¶ 50} Thereafter, in *State ex rel. Hubbard v. Indus. Comm.,* 96 Ohio St.3d 336, 774 N.E.2d 1206, 2002-Ohio-4795, the injured worker filed a workers' compensation claim, on April 23, 1999, asserting that he had contracted malignant mesothelioma due to years of heavy exposure to asbestos in the workplace. A hearing was held on September 23, 1999, at which time the injured worker submitted medical evidence in support. No contrary evidence was presented. Despite the absence of any contrary evidence, the hearing officer for the commission referred the injured worker for a commission exam. The exam was conducted on January 7, 2000. At that time, the injured worker was unable to

walk or stand, and the examining physician confirmed the diagnosis of industrial mesothelioma and noted that the injured worker was literally "wasting away." One week later, he died. As a result of his death, the commission ordered that all action on his application had abated. The widow-claimant commenced an original action and argued that the processing of the decedent's application had been unreasonably delayed by, for example, the commission's insistence on a commission/bureau medical exam. The court rejected the commission's arguments that referral for an independent medical exam was either required or permitted as well as the commission's argument that the widow-claimant had failed to exhaust administrative remedies.

{¶ 51} Ultimately, the court issued a writ of mandamus ordering the commission to vacate its order of abatement and to reactivate the claim for further proceedings to determine the amount of benefits owed to the widow-claimant for the period April 23, 1999, through January 14, 2000.

{¶ 52} In the present case, the decedent sustained his injury on October 18, 2001. The decedent had been found unconscious in the claims area and was transported to Robinson Memorial Hospital, where it was determined that he had suffered a fracture of his cervical spine. The self-insured employer, Wal–Mart, originally certified the claim for "sprain of neck." Although Wal–Mart further allowed the claim for quadriplegia, the record is not clear when this occurred. Hearings were scheduled with the commission on the decedent's request for statutory PTD compensation benefits as well as scheduled-loss compensation. By letter dated January 23, 2002, Wal–Mart's legal counsel notified the commission that Wal–Mart agreed to pay the loss-of-use award to claimant and that the hearing, scheduled for March 8, 2002, could be canceled. Later, by letter dated February 21, 2002, the claims representative for Wal–Mart notified the bureau that Wal–Mart would provide benefits to claimant for statutory PTD benefits.

{¶ 53} Less than one month later, on March 15, 2002, decedent died. On April 26, 2002, decedent's surviving spouse filed an application with the commission seeking to have the benefits paid to her in a lump sum. Unfortunately, she died the next day. As stated previously, the commission ultimately decided that the estate of the surviving spouse, relator herein, could not recover any compensation.

{¶ 54} After complete review of the above case law, it is apparent that a shift has taken place in the law with regard to whether certain types of benefits can be received after the employee's death or the surviving spouse's death. Furthermore, the estate of a surviving spouse has been permitted to receive benefits even though the Ohio Constitution specifically states that workers' compensation is designed solely to compensate injured workers and their dependents.

{¶ 55} With the above in mind, it is apparent that certain types of compensation would cease at a certain point in time and would not be payable into an estate. For instance, temporary total disability ("TTD") compensation is specifically designed to compensate an injured worker for his or her loss of earnings. When the injured worker dies, there is no longer a loss of earnings occasioned by the industrial injury, and further payment of TTD compensation would be inappropriate. PTD compensation is designed to compensate an injured worker who is no longer capable of performing some sustained remunerative employment due to allowed work-related injures. When the injured worker dies, he or she is no longer precluded from performing some sustained remunerative employment due to the work-related injury, and benefits cease.

{¶ 56} However, as stated previously, R.C. 4123.57(B) is designed to compensate an injured worker for a specific loss. The amount to be paid is fully determined at the time that the dismemberment or loss of use occurs. There is no further requirement on the part of the injured worker to establish continued entitlement to the loss-of-use award. That the legislature has chosen to pay that award over the course of a certain number of weeks instead of in a lump sum does not change the fact that the award has been made and that the injured worker is entitled to the entire award. Furthermore, as the statute provides, when the award has been made prior to the death of the injured worker, then all unpaid installments accrued or to accrue shall be paid to the surviving spouse or to such dependents as the administrator determines. This emphasizes the fact that the total amount of the award is already determined and that the entire award is payable.

{¶ 57} In the present case, claimant, the surviving spouse, had filed a motion with the commission asking that the remainder of the award under R.C. 4123.57(B) be paid to her in a lump sum. R.C. 4123.64 specifically provides that under special circumstances, the Administrator of Workers' Compensation may decide to commute payments and award lump-sum payments for compensation. The decedent could have filed a motion under R.C. 4123.64 had he lived longer. His surviving spouse, claimant herein, exercised her right to file a request for a lump-sum payment. R.C. 4123.64 would give the administrator of the bureau the discretion to determine whether, in this instance, a lump-sum payment should have been made to the surviving spouse. There are a host of factors that the administrator could examine in determining whether a lump-sum payment is appropriate in any given case, and it would be pointless to list all those potential factors here. What the commission has done, by automatically finding that the surviving spouse's estate cannot receive any compensation under R.C. 4123.57(B), in effect prevents the surviving spouse's request that a decision be made regarding whether the payments should be commuted in some form or another

from ever being addressed. While it is clear that one of the reasons workers' compensation benefits have not been held to be inheritable in the past is that the money is not intended to benefit creditors', in the present case, while there are no dependents remaining, there is family who, through the estate, could advance the surviving spouse's reasons for seeking that the award be made in a lump sum. For those reasons, this magistrate finds that the commission did abuse its discretion in finding that under no circumstances is the estate of the surviving spouse entitled to any compensation that was awarded to the decedent under R.C. 4123.57(B). Instead, a hearing should go forward, with the estate representing the surviving spouse's interests, and a determination should be made whether, given whatever facts will be presented, payment should be commuted or a portion thereof should be awarded as a lump sum.

{¶ 58} Based on the foregoing, it is this magistrate's decision that relator has demonstrated that the commission abused its discretion in finding that relator was not entitled to receive any of the remaining 844 weeks of compensation under R.C. 4123.57(B) that were awarded to the decedent, prior to his death, solely on the basis that the surviving spouse, claimant herein, had also died. Accordingly, this court should issue a writ of mandamus ordering the commission to refer this matter to the Administrator of Workers' Compensation for a determination, in the first instance, whether a lump-sum award should be made as requested by the surviving spouse prior to her death.